HENRY W. HOYT *vs.* THE CITY OF DANBURY.

Third Judicial District, Bridgeport, April Term, 1897. ANDREWS, C. J., TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

If the evidence in a civil action creates so strong a probability of the existence of a material fact as to induce a reasonable belief thereof in the mind of the trier, he should find the fact itself, rather than the probability of its existence.

In the case at bar it was *held* that an unqualified statement in the finding that a certain thing was the probable cause of an accident, imported that it was in fact the cause.

A statement of matters as to which no finding whatever is made, is irrele-

vant, unless such matters bear upon exceptions taken for want of such a finding.

A mere defect in the plan adopted and followed by a municipality in the construction of a highway, is not a neglect to keep the highway "in repair," within the meaning of §2673 of the General Statutes. Nor is the municipality liable, either at common law or by statute, for injuries to a traveler on its highway, occasioned solely by a defect in the plan upon which it was constructed; unless; indeed, the plan is so radically deficient as to leave the highway, immediately upon its completion, in need of repairs in order to make it safe for travel.

The use of steps in a city or borough sidewalk is one of several permissible means of overcoming a steep grade. Whether this is the best means of constructing a particular sidewalk, is a question for the municipal authorities to decide; and their decision is not subject to review by the courts.

A sidewalk constructed under the superintendence of the warden of a borough, and accepted, paid for and maintained by the borough for eight years or more, must ordinarily be regarded as authorized by the proper municipal authorities.

The authority of a borough to determine how a sidewalk shall be built, is not abridged because it happens to own the land upon which the walk is to be laid. Nor is a city, the municipal successor of the borough, in fault for allowing the sidewalk to remain, provided the city is free from negligence in respect to its repair.

Whether one injured on the highway used due care or not, in view of all the attending circumstances, is a pure question of fact, upon which the finding of the trial court is conclusive.

[Argued April 28th—decided July 13th, 1897.]

ACTION to recover damages for personal injuries claimed to have been caused by a defective highway, brought to the Superior Court in Fairfield County and heard in damages to the court, *Hall, J.;* facts found and judgment rendered for the plaintiff for $2,600, and appeal by the defendant for alleged errors in the rulings of the court. *Error, and new trial ordered.*

The finding of facts was as follows: On November 9th, 1894, at 8:30 A. M., the plaintiff, while walking easterly on the sidewalk on the south side of West street, in the city of Danbury, at a point on said sidewalk at the divisional line between the property of the town and city of Danbury, upon which the city hall building stands, and the property of Frank E. Hartwell, by reason of the defective and dangerous condition of the sidewalk at said point, as herein-

after stated, fell upon the sidewalk, and upon and down certain wooden steps at said place, and sustained a serious injury to his back and spine.

The defective and dangerous condition of said highway and sidewalk consisted in and arose from the fact that soon after the completion of the city hall building, in 1886, which was erected at the joint expense of the town and borough of Danbury, the sidewalk north of the city hall building, which, with the sidewalk in front of the Hartwell property, descended by a gradual slope to Main street, which is immediately east of said city hall property, was cut down, and a stone wall running north and south was erected along the divisional line between said city hall property and said Hartwell property, and across the sidewalk on the south side of West street, so as to leave along the entire width of said sidewalk a perpendicular descent to one going easterly on said sidewalk, of between three and four feet; and rendering it necessary, while said wall and descent remained, to use steps to pass from one of said grades to the other.

After the completion of said city hall building, said sidewalk was so cut down and said wall erected, and movable wooden steps, with a wooden railing on each side of said steps, constructed, all upon the property of said town and borough, without the authority or action of said borough, under the superintendence of the warden of said borough, and one of the selectmen of said town. The railings upon said steps coincided with the lines of the traveled walk of the sidewalk west of said steps, and were about six feet apart, and extended over the coping stone of said wall, which said coping stone was about one foot in width and formed the upper step above said wooden steps. Said work of cutting down said sidewalk and building said wall and steps was paid for by said town and borough. There was no reasonable occasion for thus cutting down said sidewalk, and leaving said declivity to be passed over by steps; nor has there been any reasonable necessity for the continuance of said dangerous condition. I do not find that it was intended that said declivity and steps should permanently remain upon said sidewalk.

Said declivity with said steps upon said walk have at all times, since the same were constructed, been dangerous; and have rendered said sidewalk unsafe for public travel, and have been a nuisance to the public having occasion to travel upon said sidewalk; and the defendant has at all times been negligent in thus suffering the same to remain upon said highway. Said steps were not in themselves defective, either in material or manner of construction, nor were they out of repair at the time of the plaintiff's injury. Said city hall building and said wall and steps were upon premises which, at the time of the plaintiff's injury, were jointly owned in fee by the defendant and said town of Danbury. At the time of the plaintiff's injury it was the duty of the defendant to keep the highway in question in a reasonably safe condition for public travel. At the time of said accident the plaintiff was familiar with the said sidewalk, and knew of the existence of said declivity and steps, and frequently passed over the same. The plaintiff has but one arm; and upon the morning in question, carried under his arm a package containing a pair of child's shoes. At the time of the accident the said sidewalk and steps were covered with snow which had fallen during the previous night to a depth of three or four inches. I do not find the said sidewalk or steps were rendered dangerous for travel by reason of said snow; nor was the defendant negligent in not having caused the removal of said snow.

At the time of the accident, the plaintiff in approaching said steps to descend the same, was walking a little to the right of the middle of the walk, and was in the exercise of due care. He had stepped one foot upon the said coping stone of said wall, and had raised the other, and was in the act of stepping down upon the wooden steps when his foot upon the coping stone slipped, probably because of snow upon said stone, and he was unable in any manner to save himself from falling. He did not take hold of the railing of said steps, nor did he attempt to do so as he approached said steps.

I find that the plaintiff was without contributory negli-

gence. I do not find that the plaintiff's fall was caused by the presence of snow upon said sidewalk or steps. I do not find that the plaintiff would have fallen had said declivity not existed.

The plaintiff gave due notice to the defendant of said injury; but did not give the notice required by statute for injuries caused by snow or ice.

The said city hall building was planned to be used in part, and at all times since its erection has been used in part, for other than municipal purposes; and from such other uses the owners thereof have derived an income.

Upon the trial of said cause, and during the cross-examination of one of the defendant's witnesses, counsel for the defendant made a general objection to all evidence in proof of any claimed defect in said highway, by reason of the cutting down of said sidewalk, and the use of steps at the place aforesaid, upon the ground that the question whether said sidewalk should be so cut down and such steps used, were questions to be determined by the municipal authorities and not by the court. It was agreed that all evidence of said character should be received subject to said objection.

Upon the foregoing facts counsel for the defendant claimed as matters of law: That plaintiff was guilty of contributory negligence; that the accident in question was occasioned by snow on said sidewalk and steps; that by the pleadings the only defect alleged was in the steps aforesaid; and that in the absence of any defect in the construction of said steps, or in their condition at the time of the accident, the plaintiff could recover no more than nominal damages; that the act of changing the grade of said sidewalk and of cutting down the same as aforesaid and using steps, was the act of said borough of Danbury, and that said borough authorities, having decided so to change said grade and use said steps, the defendant was not liable in this action, beyond nominal damages, in the absence of any defect in the construction of said steps or in their condition at the time of the accident; that

upon all the facts aforesaid, the plaintiff was only entitled to recover nominal damages.

The complaint was in two counts. The first alleged that the defendant was charged with the duty of keeping all the streets within its limits in repair, and that the highway in question was defective in this,—that the sidewalk in front of the city hall property, at the point where the steps then led, and now lead, from the sidewalk in front of the premises of Frank E. Hartwell, adjoining said city hall property on the west, to the sidewalk in front of said city hall property, was about four feet perpendicularly below the said sidewalk in front of the said premises of said Frank E. Hartwell, by reason of the former having been cut down from a gradually inclined and safe grade to the condition just above described, rendering said sidewalk dangerous and defective; the only means of passing from the said higher to the said lower sidewalk being dangerous and defective wooden steps, which said condition of said highway at said point was well known to the defendant, and had existed, and had been by said city permitted to exist, for an unreasonable length of time.

The second count alleged that the defendant owned the city hall property in fee simple, and had, with gross negligence, wilfully and unlawfully, permitted to remain and maintained, on and in the sidewalk in the highway in front of and on the north side of said city hall building, and on said premises of the defendant, and in and on that portion of said sidewalk immediately adjoining and in continuation of the sidewalk in front of said premises of said Frank E. Hartwell, an unsafe and exceedingly dangerous place, obstruction and pitfall, to wit: a perpendicular stone wall about four feet in height, directly in the line of said sidewalks and across the whole width thereof, and arising from the said sidewalk in front of said city hall building to the said sidewalk in front of the said premises of said Frank E. Hartwell, next adjoining, constituting in and on said premises at said point a dangerous obstruction, pitfall and nuisance, with only steep, dangerous and defective wooden steps, built and

maintained by the defendant, connecting the aforesaid higher and lower portions of said sidewalk.

The appellant assigned sundry errors of law, among which were that the court erred in holding that the plaintiff slipped "probably because of snow upon said stone," and at the same time refusing to find that the plaintiff's fall was caused by the presence of snow upon said sidewalk; and in holding that the city could be held liable, when not responsible for the presence of the snow, and when no notice was given of the accident within fifteen days, as required by statute; and in holding on the pleadings that the plaintiff could recover more than nominal damages, when the defendant showed and the court finds that the steps alleged in the declaration to be "steep, dangerous and defective," were not in any way defective or out of repair; and in overruling its several claims of law, above mentioned.

The defendant also assigned sundry errors in not finding certain facts, according to its request, and in the finding as made; and the evidence bearing upon these points was made part of the record, under Chap. 100 of the Public Acts of 1895.

*Lyman D. Brewster* and *Henry A. Purdy*, for the appellant (defendant).

*Samuel Tweedy*, for the appellee (plaintiff).

BALDWIN, J. The immediate occasion of the plaintiff's fall was his slipping on the coping stone of a wall by which a sidewalk built upon one plane, on a street descending a hill, was divided from a sidewalk built upon another, three or four feet lower. Against this wall, as a means of descent, had been placed a flight of wooden steps, down which he fell. It is found by the trial court that the sidewalk and steps were covered with snow which had fallen during the previous night to the depth of three or four inches; and that he "was in the act of stepping down upon the wooden steps, when his foot upon the coping stone slipped, and he was

unable in any manner to save himself from falling, probably because of snow upon said stone." The defendant requested a further finding that the snow had been somewhat beaten down by persons who had passed along the street, so as to leave the sidewalk and steps in a slippery condition, and that it was the snow on the coping stone which caused both the slip and the fall. These requests were refused, and the refusal is made (under Chap. 100 of the Public Acts of 1895, § 7, p. 493) the subject of several of the reasons of appeal.

General Statutes, § 2673, provides that no action can be maintained against a municipal corporation charged with the repair of a highway, on account of an injury received from its defective condition by reason of snow or ice, unless written notice be given to it of the nature of the claim within fifteen days after the occurrence of the accident. No such notice was give by the plaintiff, and the want of it is set up by the defendant as a reason why only nominal damages should have been assessed. In order to present this question of law, and also that as to the proximate cause of the accident, it was entitled to an explicit finding, if one were possible, as to whether it was or was not the snow on the coping stone which caused the plaintiff to slip; for had there been no slip, there would have been no fall. The finding merely states that the snow was the probable cause.

In civil actions it is not necessary that the triers should be free from all reasonable doubt as to the proper conclusions to be drawn from the evidence. Every law suit looks to two results: to end a controversy, and to end it justly; and in the administration of human government the first is almost as important as the last. It is enough, therefore, if the judgment rests, not indeed on mere conjecture, but on a probability so strong as to induce a reasonable belief in an impartial mind. *Stone* v. *Stevens*, 12 Conn. 219, 230; *Curtis* v. *Rochester & Syracuse R. R. Co.*, 18 N. Y. 534, 542; *Haskins* v. *Haskins*, 9 Gray, 390, 393. When there is found by the trier to be such a probability in respect to the existence of a fact material to the issue, the parties have a right to demand that he shall go one step farther, and find this fact; for only

thus can their contest be brought to a complete and final determination.

We do not, however, find it necessary to inquire whether, upon the evidence certified, there was an error in law in not deducing, as a necessary inference from the facts proved, the fact that the snow was the cause of the slip; or whether, if there had been such an error, it would be remediable in this proceeding. The finding, in stating without qualification that it was the probable cause, imports that it was the cause. Had the degree of probability been insufficient to produce a reasonable belief in the mind of the trier, there should have been, and presumably would have been, no mention of the snow at all, in that connection.

The fall down the steps having been occasioned by a slip of the foot, which was caused by treading on slippery snow, the snow on the walk was at least one of the defects in the street to which the accident was immediately due. Except for this snow, the coping stone and the steps below it were in good condition. Had it not been for the break in the level of the sidewalk, on the line of the wall, the fall indeed might not have occurred; but as things were, it was a natural consequence of the slip, and a part of the same event.

The trial judge has incorporated in the finding the following remarks: " I do not find the said sidewalk or steps were rendered dangerous for travel by reason of said snow. . . . I do not find that the plaintiff's fall was caused by the presence of snow upon said sidewalk or steps. . . . I do not find that it was intended that said declivity and steps should permanently remain upon said sidewalk . . . I do not find that the plaintiff would have fallen, had such declivity not existed." The object of such a finding is to place upon the record a statement either of all the facts proved upon the trial, or enough of them properly to present the questions of law raised by the appeal. General Statutes, § 1132. Statements of matters as to which no finding whatever is made, are irrelevant, unless they bear upon exceptions taken for want of such a finding. That the court, in the case at bar, did not find that the fall was caused by the snow, certainly

cannot be deemed equivalent to a finding that the fall was not caused by it, and it is therefore immaterial to the issue. That must be determined upon the facts that were found. *Crane* v. *Eastern Transportation Line*, 50 Conn. 341, 344.

The first count of the complaint avers that the plaintiff's injuries resulted from a defect in the street from its having been cut down four feet, by a perpendicular fall of level, the upper and lower walks being only connected by " dangerous and defective wooden steps." The finding is that this mode of constructing the sidewalk rendered it dangerous and unsafe, but that the steps themselves were in no way defective, and that the plaintiff slipped on the snow and because of it, before he reached them, while walking upon the higher level.

Two defects in the highway are thus presented, which contributed to the plaintiff's fall; the slippery condition of the sidewalk, and the sudden change of grade. Had the plaintiff walked off the coping stone into the air, without paying any regard to the steps, his fall could have given him no cause of action, for it would have been due to his own want of ordinary care. His fall was, in fact, not chargeable to any fault of his own; but that which proves this, proves also that it was occasioned not by any defect in the construction of the highway, but by a defect of repair. He was without fault, because his foot had suddenly slipped on the new-fallen snow, and he was unable to recover his balance in time to avoid what must otherwise be the natural consequence of a slip on that stone; namely, a fall down the steps. The slip was an accident which he was not bound to anticipate, and he therefore was not responsible for the cause of his injury. But neither was the defendant, since it is found that it had not been negligent in respect to the removal of the snow.

If it were so that under no circumstances could steps be lawfully made a part of a sidewalk built for use in descending a hill, a different result might be reached. Slips on the ice are common in our climate during several months in the year, and the danger to which travelers are thus exposed must be taken into account by those charged with the duty of providing and maintaining sufficient highways. Such a

duty had been imposed on the borough of Danbury and carried with it the correlative right of determining the mode of their construction. As to which, out of any appropriate modes of building the particular sidewalk in question, was to be chosen, it was for the borough to decide; and so long as the mode selected was an appropriate and lawful one, its decision was not subject to collateral review in a suit of this nature. The introduction of steps with a suitable railing in such a sidewalk might be a proper means of facilitating passage. The Superior Court had the right to determine whether they were properly constructed and in good repair, but not to pronounce the walk defective because not built on an unbroken grade.

The cause of action stated in this count depends wholly on General Statutes, § 2673, which provides that "any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair." A statutory liability of this general description has rested upon our towns, and such municipal corporations as have been their successors, since early colonial times. Originally it took the form of a criminal proceeding (Stat., Rev. of 1702, p. 10), and the remedy given has always been confined within narrow limits by judicial construction. *Hewison* v. *New Haven*, 34 Conn. 136, 142; *Beardsley* v. *Hartford*, 50 id. 529, 545; *Lounsbury* v. *Bridgeport*, 66 id. 360, 364. The charge is thrown on the party who was bound to keep the highway in repair, and whose neglect to fulfill this duty was the cause of the injury. The neglect on which any such action must be founded is therefore a neglect of repair. A defect in the plan upon which the highway was constructed, is not within the statute. If such a defect naturally results in a direct injury to an owner of adjacent land, he has his action at common law for this invasion of his proprietary right. *Mootry* v. *Danbury*, 45 Conn. 550, 556. But injuries which it may occasion to travelers cannot be made the subject of any action in their favor. They are the result of an error of judgment on the part of the officers of a public corporation, on which has been cast

the burden of discharging a governmental duty of a quasi-judicial character. For consequential damage thus occasioned to members of the general public, the common law never gave a remedy; nor has the statute changed the rule. If, indeed, a defect in the plan of construction should be so great as soon to require repairs in order to make the highway safe for travel, a neglect to make these repairs might found an action; but the plaintiff's case would be no stronger than if the road had been originally built in the best manner. So, were the plan of construction adopted one which was totally inadmissible, as, for instance, if the sidewalk in question in the case at bar had been left with its grade broken simply by a four foot wall, without the provision of steps, or had the steps provided been insecure, or unguarded by a proper railing, the highway would have been in such a defective condition as to have been out of repair from the beginning. Nothing of this kind is disclosed by the finding. That states, on the contrary, that the steps leading from one grade to the other were not defective either in material or manner of construction, nor out of repair, at the time of the plaintiff's injury. The borough charter (V. Special Laws, p. 468, § 3) empowered the warden and burgesses to order and construct sidewalks according to the grade and plan and of such materials as they should designate. The use of steps in a city or borough sidewalk is one of several permissible means of overcoming a steep grade. *Beardsley* v. *Hartford*, 50 Conn. 529, 543. It was for the municipal authorities to decide whether it was the best means of constructing this particular walk; and their decision was not subject.to review by the courts. *Mills* v. *Brooklyn*, 32 N. Y. 489; *Jones* v. *New Haven*, 34 Conn. 1, 14; *Healey* v. *New Haven*, 47 id. 305, 314.

The plaintiff contends that these principles were inapplicable, because the Superior Court has found that the sidewalk in question was constructed under the superintendence of the warden of the borough, "without the authority or action of said borough." In view of all the facts found, this contention is unsound. The existence of some technical

defect in the authority of the warden who superintended the construction, is not a material fact in issue. It is not true that the action of the borough in respect to an appropriate construction of a sidewalk can be signified only by the passage of a formal vote ordering the construction. It appears from the finding that in 1886 a new sidewalk was made necessary by the action of the borough in erecting, in connection with the town, a city hall building ; that this sidewalk, being in front of land owned in common by the borough and the town, was then constructed under the supervision of the warden and one of the selectmen ; and that a portion of the expense of such construction, that is, of so separating the grade and building the steps, was paid for by the borough. It further appears that for eight years the municipality maintained this sidewalk. Indeed, the allegation of the complaint which is the foundation of the plaintiff's cause of action, is that the construction of the sidewalk "at said point was well known to the defendant, and had existed, and had been by said city permitted to exist, for an unreasonable length of time."

A sidewalk such as is described in the finding may, in law, be an appropriate plan of construction in a highway laid out on a hill-side; and this sidewalk, made necessary by the action of the borough, constructed under the superintendence of its chief officer, accepted, paid for, and maintained for eight years or more by the borough and its successor, the city, must be treated for the purposes of this action as being at the time of the accident a construction of the highway authorized by the proper municipal authorities; and no defect in the plan of this construction can be a neglect of repair within the meaning of the statute imposing upon the defendant a liability for neglect to keep the highway in repair.

The second count of the complaint charges the defendant with gross negligence in permitting to remain and in maintaining on premises owned by it in fee, and used as the site of its City Hall, a perpendicular wall, four feet high, extending across the sidewalk, constituting a dangerous obstruction, pitfall and nuisance, with only steep, dangerous and defective

wooden steps, built by it to connect the higher and lower portions of the walk.

The allegation of the defective character of the steps is negatived by the finding. The owner of the fee is not in fault for permitting such a sidewalk, constructed under municipal authority, to remain in accordance with municipal approval. Such, as a legal conclusion from the facts appearing in the finding, was the walk in question in this case. The defendant inherited the City Hall from the borough of Danbury, which had approved the construction of the walk and steps as a proper means of overcoming the steepness of the grade of the street. The facts found showed, therefore, that the charge of negligence had not been proved. The authority of the borough to determine how the walk should be built, was not less, because it happened also to own the land upon which it was to be laid. It was only the duty of the city to keep it in repair, and no defect of repair was shown, except that due to the recent snowfall, as to which it is found the defendant was not in fault.

There was error, therefore, in awarding the plaintiff substantial damage under either count.

The defendant claims that the facts found show that the plaintiff was guilty of contributory negligence in not attempting to take hold of the railing as he approached the steps. As he had but one arm and was carrying a package under that, he was undoubtedly in a situation requiring his use of more than ordinary caution. Whether, however, he exercised due care or not, in view of all the attending circumstances, was a pure question of fact, as to which the finding of the trial court is conclusive.

We have had no occasion to consider the other errors assigned, or to consult the testimony, certified in connection with the finding, for the purpose of a clearer understanding of the questions of law that arose in the course of the trial below, inasmuch as the finding, as it stands, sufficiently presents those which are decisive of the case.

There is error, and a new trial is ordered.

In this opinion the other judges concurred.