WILLIAM HAYWOOD *vs.* CHARLES M. HAMM.

Third Judicial District, New Haven, June Term, 1904.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

One authorized to drive another's horse does not thereby become his agent for the purpose of making admissions as to the habits of the animal.

Declarations made subsequent to the event and narrative in character are not admissible as part of the *res gestœ*.

An admission by one sued as principal for the tortious act of another, that the latter, when he did the act, was probably attending to some of the defendant's business as well as his own, is *prima facie* evidence of agency.

In an action for negligence on the part of an agent in leaving a horse unhitched, which had a habit of running away, it is not necessary to prove that the horse had such a habit which was known to its owner. It is enough that the horse had been left in the street

unhitched, under circumstances which in the opinion of the jury, all things considered, constituted negligence.

The owner of a horse which is in the habit of running away is not liable in exemplary damages for the act of his agent in negligently leaving the horse unhitched, unless he authorized, approved or ratified the agent's act.

Exemplary damages are given as a punishment, and only against those who participated in the act from which the damages arose.

Argued June 8th—decided August 12th, 1904.

ACTION to recover damages for injuries caused by a runaway horse, brought to the Court of Common Pleas for New Haven County and tried to the jury before *Bishop, J.;* verdict and judgment for plaintiff, and appeal by the defendant. *Error and new trial ordered.*

*Howard C. Webb,* for the appellant (defendant).

*James M. Sullivan* and *Edward J. Maher,* for the appellee (plaintiff).

BALDWIN, J. The plaintiff while driving upon a city street was struck and injured by a runaway horse owned by the defendant. In his complaint he alleged that the horse had been carelessly left unhitched, though he had, and the defendant knew he had, a habit of running away. To prove this habit, he was allowed to introduce evidence of declarations made shortly after the accident by the defendant's son, who had been in charge of the horse that day, and had left him standing in the street by the curbstone just before he ran away.

In this there was error. One authorized to drive another's horse is not thereby made his agent for the purpose of making admissions as to the habits of the animal. Nor were the declarations part of the *res gestœ* pertaining to the accident. They were subsequent in time and narrative in character.

The defendant was called as a witness by the plaintiff, and testified that his son was in charge of the horse on the day in question, and was using it to attend to some of his

own business, and probably some of his (the father's) also. This was correctly held to be sufficient *prima facie* proof of agency. *Hoyt* v. *Danbury*, 69 Conn. 341, 349.

The trial court properly instructed the jury that to justify a verdict for the plaintiff it was unnecessary for him to prove that the horse had a habit of running away, which was known to the defendant. It was enough if, whatever its disposition and habits, it had been left in the street unhitched under circumstances which, in the opinion of the jury, all things considered, made that a negligent act on the part of one whom the defendant had made his agent in the matter. This was substantially what the jury were told.

They were, however, also instructed that if they were satisfied that the horse had the habit of running away and the defendant knew it, and was negligently left unhitched or insecurely fastened by the defendant's agent, exemplary damages could be awarded.

This was erroneous. Exemplary damages are given as a punishment for an offense, and only against those who participated in the offense. The tort charged in the complaint was that of the agent, in leaving the horse unhitched. This act the defendant never expressly authorized, approved or ratified. Nor did he do or say anything, so far as appears, which could have led the agent to suppose that it was authorized. He therefore committed no offense which could be the proper subject of such a punishment. *Maisenbacker* v. *Society Concordia*, 71 Conn. 369.

· The verdict was one which under the charge the jury could well return, and so the motion to set it aside was properly overruled.

There is error and a new trial is ordered.

In this opinion the other judges concurred.