EILEEN DONNELLY *v.* HOWARD S. IVES, HIGHWAY COMMISSIONER

KING, C. J., ALCORN, HOUSE, COTTER and THIM, Js.

Argued December 5, 1969—decided February 4, 1970

164

*David M. Reilly, Jr.,* for the appellant (plaintiff).

*Francis A. Smith, Jr.,* with whom were *William B. Rush* and *Henry Lyons III,* for the appellee (defendant).

COTTER, J. The plaintiff brought this action in two counts. The trial court sustained the defendant's demurrer to the second count alleging a common-law nuisance, and on appeal to this court we affirmed the judgment for the defendant on that count. *Murphy* v. *Ives,* 151 Conn. 259, 196 A.2d 596. The parties thereafter proceeded to trial before a jury on the first count of the complaint, which alleged a cause of action under the so-called defective highway statute. General Statutes § 13-87 (now § 13a-144).[1] At

---

[1] "Sec. 13-87. DAMAGES FOR INJURIES SUSTAINED ON STATE HIGHWAYS OR SIDEWALKS. Any person injured in person or property through the neglect or default of the state or any of its employees by means of any defective road, bridge or sidewalk which it is the duty of the highway commissioner to keep in repair, or by reason of the lack of any railing or fence on the side of such bridge or part of such road which may be raised above the adjoining ground so as to be unsafe for travel . . . may bring a civil action to recover damages sustained thereby against the highway commissioner . . . and the amount of the judgment rendered therein shall, upon the filing with the comptroller of a certified copy of such judgment, be paid by the state . . . ."

the conclusion of the evidence on the trial as to the first count, the jury, at the direction of the court, returned a verdict for the defendant which the plaintiff thereupon moved to set aside. The court denied the motion, and the plaintiff has appealed from the judgment.

In the first count of her complaint, the plaintiff based her cause of action on General Statutes § 13-87 (now § 13a-144). The complaint alleged that an automobile in which the plaintiff was riding as a passenger collided with a concrete abutment or stanchion located at the Chapel Street exit of the westbound portion of the Connecticut Turnpike. It alleged that the cause of the injuries sustained by the plaintiff was a defective condition which was created by the circumstances enumerated in the footnote.[2]

[2] "4. The cause of the injuries sustained by the plaintiff Eileen Donnelly was said defective condition which was created by the following circumstances: (a) the west bound portion of the Quinnipiac River Bridge on the Connecticut Turnpike is designed and maintained for use as a three-lane highway; (b) at and after the Chapel Street exit only two lanes are maintained available for west bound traffic which are in alignment with the two left-hand lanes of the Quinnipiac River Bridge west bound traffic lanes; (c) east of the said Chapel Street exit there are inadequate warning devices or signs for drivers proceeding westerly which fail to designate and delineate lanes for through traffic; (d) at said exit there exists a poorly designed narrowing of the highway which occurs on a left hand curve in the roadway; (e) east of said Chapel Street exit there are inadequate devices or signs and lack of warning of the aforesaid narrowing of the highway; (f) at said location and east of said exit ramp there is inadequate visibility of the abutment due to the curve in the highway; (g) the speeds at which the highway is posted and used and designed for use are such that do not easily permit travelers of west bound vehicles to suddenly appreciate the dangerous condition existing; (h) there exists at this location a normally traveled lane of the Connecticut Turnpike which delivers a vehicle on said lane into an exit ramp rather than along the normally traveled Turnpike, which causes momentary confusion for persons intending to use the same; (i) at the point of narrowing drivers in the right-hand lane are faced with a large concrete abutment."

The plaintiff claimed that liability is imposed on the highway commissioner under General Statutes § 13-87 (now § 13a-144) for a condition existing in the original design or plan of construction of a highway.

The verdict must conform to the issues raised by the pleadings. In reviewing the action of the trial court in directing a verdict and denying the plaintiff's motion to set it aside, we consider the action of the court in the light of the evidence most favorable to the plaintiff. *Santor v. Balnis,* 151 Conn. 434, 435, 199 A.2d 2.

This is an action against the defendant in his capacity as a representative of the state so that it is in effect one against the state. *Murphy v. Ives,* 151 Conn. 259, 262, 196 A.2d 596. Although it is the settled law in Connecticut that the sovereign state is immune from suit except so far as it consents to be sued, the state has clearly waived its immunity to the extent set out in General Statutes § 13-87 (now § 13a-144) for certain injuries occurring on the state highways. Ibid. The question here is whether the plaintiff, under the circumstances of the present case, has brought herself within the ambit of that statute where she does not claim the lack or insufficiency of repairs as the proximate cause of the accident and resulting injuries but rather claims that they were caused by the neglect of the defendant in building and maintaining a defectively designed highway. We must turn to the statute itself to determine whether the plaintiff has alleged a cause of action under the statute and has produced evidence in support thereof sufficient to warrant the submission of her case to the jury.

The statute allows the plaintiff to bring a civil action if she was injured "through the neglect or

default of the state . . . by means of any defective road . . . which it is the duty of the highway commissioner to keep in repair." In interpreting these terms we have on many occasions looked to and applied the rationale in cases involving statutory actions against municipalities under what is now General Statutes § 13a-149 since there is no material difference in the obligation imposed on the state by § 13a-144 and that imposed on municipalities by § 13a-149. *Hay* v. *Hill,* 137 Conn. 285, 289, 76 A.2d 924, and cases cited. The duty imposed on the state by the provision of the defective highway statute is not such as to make the state an insurer for people using those highways which the defendant must keep in repair but is rather a duty to exercise reasonable care to make and keep such roads in a reasonably safe condition for the reasonably prudent traveler. *Bacon* v. *Rocky Hill,* 126 Conn. 402, 404, 11 A.2d 399; *Older* v. *Old Lyme,* 124 Conn. 283, 284, 199 A. 434; *Perrotti* v. *Bennett,* 94 Conn. 533, 539, 109 A. 890. A defect in a highway has been described as "any object or condition in, upon, or near the traveled path which would necessarily obstruct or hinder one in the use of the road for the purpose of traveling thereon, or which, from its nature and position, would be likely to produce that result." *Hickey* v. *Newtown,* 150 Conn. 514, 518, 192 A.2d 199; *Hay* v. *Hill,* supra, 288.

Although this court has stated that a defect in the plan upon which the highway was constructed was not within the statute, nevertheless, we have gone on to declare that "were the plan of construction adopted one which was totally inadmissible, . . . the highway would have been in such a defective condition as to have been out of repair from the beginning." *Hoyt* v. *Danbury,* 69 Conn. 341, 352, 37 A.

1051. In a subsequent case involving a situation similar to that in the *Hoyt* case, we recognized the principle set forth in *Hoyt* that a set of circumstances might create an exception to the general rule of nonliability for error of judgment in a plan; we reiterated the so-called *Hoyt* exception and went on to state that: "Obviously from the time the drain was laid it constituted a defect in the highway." *Perrotti* v. *Bennett,* supra, 541.

The plaintiff strenuously urges that we adopt a "simple" rule that liability be imposed upon the highway commissioner "for a design defect in the highway resulting from the layout and signing." The general rule is that a public authority acts in a quasi-judicial or legislative capacity in adopting a plan for the improvement or repair of its streets or highways and ordinarily will not be liable for consequential damages for injuries due to errors or defects in the plan adopted. *Weiss* v. *Fote,* 7 N.Y.2d 579, 167 N.E.2d 63; 39 Am. Jur. 2d, Highways, Streets and Bridges, § 353; note, 90 A.L.R. 1502, 1504. The court in the *Weiss* case (p. 588), manifested a concern, in this type of case, "for sound principles of government administration and a respect for the expert judgment of agencies authorized by law to exercise such judgment" and stated: "In the area of highway safety, at least, it has long been the settled view, and an eminently justifiable one, that courts should not be permitted to review determinations of governmental planning bodies under the guise of allowing them to be challenged in negligence suits; something more than a mere choice between conflicting opinions of experts is required before the State or one of its subdivisions may be charged with a failure to discharge its duty to plan highways for the safety of the traveling public."

It is apparent that there was no showing that the plan of construction adopted was "totally inadmissible" and that, on the basis of the plaintiff's complaint and on the evidence submitted in support of the allegations of the complaint, the jury could not reasonably and legally reach any other conclusion than that embodied in the verdict as directed.

There is no error.

In this opinion the other judges concurred.