[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On November 18, 1985, the plaintiff's decedent, Troy Benson, was operating a motor vehicle in a southerly direction on South Colony Street in Wallingford. South Colony Street is a public highway included in the state highway system. South Colony Street intersects with Toelles Road which is a public road in the town of Wallingford, running westerly from South Colony Street. Toelles Road is crossed by railroad tracks which run parallel to South Colony Street. The plaintiff's decedent turned right off South Colony Street onto Toelles Road. As the decedent crossed the railroad tracks, his automobile was struck by a southbound train. Motor vehicles leaving South Colony Street to travel west on Toelles Road meet the railroad crossing shortly after leaving the state highway. The above-described intersection is controlled by overhead traffic lights and by a "No Turn On Red" sign. These traffic signals are owned and maintained by the defendant CT Page 3771 Commissioner of Transportation. The plaintiff's decedent died as a result of the aforementioned accident, and this action was then filed pursuant to the defective highway statute, 13a-144, C.G.S.
The defendant has moved for summary judgment. On a motion for summary judgment, the movant must show that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Burns v. Hartford Hospital, 192 Conn. 451,455 (1984). The court may grant summary judgment if the affidavits and other evidence submitted in support of the motion demonstrate that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Catz v. Rubenstein, 201 Conn. 39, 48 (1986).
The defendant moves for summary judgment on three grounds. The defendant first argues that summary judgment should result here because that was the outcome in the related case of Gagne v. National Railroad Passenger Corporation, D.N. CV87-0338607S, Hartford J.D., August 17, 1990. The defendant Burns' motion for summary judgment was granted in that case because "a claim based upon a failure to improve a highway is not a highway defect giving rise to a cause of action under section13a-144 C.G.S." Gagne v. National Railroad.[1] However, the plaintiff in the instant case asserts, inter alia, that the highway exited into an unprotected railroad crossing and that the traffic control signals encouraged operators to turn onto Toelles Road into the path of oncoming trains. The Connecticut Supreme Court has declared that while a defect in the plan of a highway is generally not actionable, such a defect may be actionable where "the plan of construction adopted . . . was totally inadmissible . . . [such that] the highway would have been in such a defective condition as to have been out of repair from the beginning." Donnelly v. Ives, 159 Conn. 163, 167 (1970). Whether this particular case is a situation which would allow recovery on its facts appears to be a jury question. Therefore, summary judgment cannot be granted on this basis. If, at trial, the plaintiff fails to establish that the highway was "totally inadmissible," a directed verdict may then be considered. Id. at 169.
The defendant next claims that he is entitled to summary judgment because paragraph 15(g) through 15(p) of the complaint, which allege violations of various sections of the Transportation Act (13b-1, et seq., C.G.S.) do not give rise to a private right of action. However, the plaintiff is not bringing suit under13b-1, et seq., but is doing so under 13a-144. Therefore, defendant's assertion that 13b-1, et seq., does not create a private right of action does not provide a sufficient basis upon which to grant summary judgment.
Lastly, the defendant seeks summary judgment on the CT Page 3772 grounds that Toelles Road, the apparent site of the accident, is not a state road. The state defective highway statute, 13a-144
provides in pertinent part:
 Any person injured in person or property through the neglect or default of the state or any of its employees by means of any defective highway, bridge or sidewalk which it is the duty of the commissioner of transportation to keep in repair, or by reason of the lack of any railing or fence on the side of such bridge or part of such road which may be raised above the adjoining ground so as to be unsafe for travel or, in case of the death of any person by reason of any such neglect or default, the executor or administrator of such person, may bring a civil action to recover damages sustained thereby against the commissioner in the superior court. Conn. Gen. Stat. 13a-144.
The defendant has submitted two affidavits from Department of Transportation officials stating that Toelles Road is a road maintained and controlled by the town of Wallingford. These affidavits further state that any car located on Toelles Road where the railroad tracks cross Toelles Road would not be in the right of way of South Colony Street. The plaintiffs, however, have submitted an affidavit which states that the easterly boundary line of the railroad property in the vicinity of the Toelles Road crossing is contiguous with the western boundary of property owned by the State of Connecticut. Moreover, it has been admitted that the traffic control signals at the intersection of South Colony Street and Toelles Road were owned, maintained and controlled by the defendant, Commissioner of Transportation, State of Connecticut. "Whether there is a defect in such proximity to the highway so as to be considered `in upon, or near the travelled path' of the highway must be determined on a case by case basis after a proper analysis of its own particular circumstances, and is generally a question of fact for the jury . . ." Baker v. Ives, 162 Conn. 295, 300 (1972).
The affidavits and other evidence in this case show that there are issues of fact that must be tried. The motion for summary judgment is denied.
Burns, J.