[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT COMMISSIONER OF TRANSPORTATION'S MOTION TO STRIKE
This action arose out of a two-car collision at the intersection of State Highway Route 165 and James Road Extension, a town road. Entry onto Route 165 from the town CT Page 3837 road was controlled by a stop sign located on the town road. The plaintiff's decedent was operating her car on James Road Extension and the plaintiff's administratrix has brought suit against the other operator, who was traveling on Route 165, the Town of Voluntown, and the State of Connecticut.
The fourth count of the plaintiff's amended complaint alleges that the state was responsible for removal of visual obstruction caused by shrubs and trees along a state highway pursuant to General Statutes Section 13a-140. It further alleges that the decedent's death was caused by the defective conditions created by the state in that (1) the town road lacked effective traffic controls; (2) the state highway, Route 165, failed to have signs warning of the intersection ahead with the town road; and (3) the state failed to trim or clear vegetation around the stop sign; and (4) it placed the stop sign on the town road improperly.
The defendant Commissioner moves to strike the fourth count arguing that the failure to erect signs on a highway constitutes a design defect not actionable under General Statutes Section 13a-144; that the state had no duty with regard to the placement or maintenance of the stop sign on a town road and that General Statutes Section 13a-140
imposes no duty upon the state creating an independent cause of action.
Although the motion to strike was directed to the fourth count of a prior revised complaint (dated April 5, 1990), the fourth count of the plaintiff's amended complaint is identical and the parties and the Court have so treated the defendant's motion to strike as applicable to it.
A motion to strike challenges the legal sufficiency of a complaint, Connecticut Practice Book Section 152. The motion admits all well-pleaded facts, but does not admit legal conclusions, Blancato v. Feldspar Corp., 203 Conn. 34, 37
(1987).
The state's failure to provide signs warning of an intersection ahead is claimed by the plaintiff to violate the defective highway statute. The duty imposed on the state by the statute is not such as to make the state an insurer for people using those highways which the defendant must keep in repair but is rather a duty to exercise reasonable care to make and keep such roads in a reasonably safe condition for the reasonably prudent traveler. Donnelly v. Ives, 159 Conn. 163,167 (1970).
The court in Donnelly, supra, at p. 167, has stated CT Page 3838 that ". . . a defect in the plan upon which the highway was constructed was not within the statute, nevertheless, we have gone on to declare that `were the plan of construction adopted one which was totally inadmissible, . . . the highway would have been in such a defective condition as to have been out of repair' from the beginning." The fourth count does not allege that the failure to maintain such warning sign "was totally inadmissible," and is not legally sufficient.
The allegations that the town road lacked effective traffic controls, that the state failed to trim or clear vegetation around a stop sign on James Road Extension and that the state improperly placed a stop sign controlling traffic on James Road Extension, all attempt to impose a duty on the state with respect to a town road. General Statutes Section13a-144 provides in pertinent part that "Any person injured . . . through the neglect or default of the state . . . by means of any defective road . . . which it is the duty of the highway commissioner to keep in repair . . . may bring a civil action against the commissioner. . . ." The Commissioner has no duty with respect to a town road, and the respective duties of a town and the state with respect to the intersection of a town road with a state road are governed by General Statutes Section 13a-99a(c).[1]
"Put another way, at an intersection of a town road and a state highway, the town has the duty to maintain, not only the portion of the town road that is outside of the state highway right-of-way, but also that portion of the town road that is within the state highway right-of-way." Merola v. Burns, 21 Conn. App. 633, 642 (1990). As the three allegations, paragraphs 4(a), (c) and (d) of the fourth count, all pertain to acts or omissions occurring within the town road and not "within the traveled portion of the state highway," they are legally insufficient to state a case of action against the defendant commissioner as the commissioner had no duty to maintain or keep in repair the vegetation around the stop sign on James Road Extension; nor had he any duty to install or maintain traffic controls there; nor, with respect to the propriety of the placement of the stop sign there.
Finally, the plaintiff's allegation in paragraph 3 is legally insufficient because there are no allegations that the Commissioner failed to remove any visual obstructions caused by shrubs and trees along the state highway and that such failure was the sole proximate cause of the accident resulting in the decedent's death.
For the reasons set forth, the defendant CT Page 3839 Commissioner's motion to strike the fourth count of the plaintiff's amended complaint is granted.
TELLER, JUDGE