[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: CROSS MOTIONS FOR SUMMARY JUDGMENT AND MOTION FOR PERMISSION TO AMEND COMPLAINT
The present action has been instituted against the City of Norwalk ("the City") pursuant to General Statutes 13a-149. claiming damages for personal injuries sustained when Gary Pote was struck by a vehicle operated by a third party. The City has moved for summary judgment on the grounds hereinafter stated. CT Page 5146
The City claims that the notice provided for in the statute is insufficient as a matter of law. "The obvious purpose of (the statutory notice provision) is that the officers of municipal corporations, against which suits for injuries are about to be instituted, shall have such precise information as to time and place as will enable them to inquire into the facts of the case intelligently." Bassin v. Stamford, 26 Conn. App. 534, 539 (1992). Whether notice is sufficient is normally a question of fact for the jury and accordingly, the Motion for summary Judgment on this ground is denied. Bassin, supra at 539.
The defendant also claims that the defects alleged are insufficient establish a defect within the meaning of the statute relying upon the decision of Donnelly v. Ives, 159 Conn. 163, 166
(1970). In the present action, the plaintiff alleges that the roadway in question was impermissibly narrowed due to the parking of cars and that the lighting was poor. The plaintiff has also submitted affidavits in support of its position. The issue of the existence of a defect is one best left for a jury and not determined on the basis of the record presently before the Court. Accordingly, the Motion for Summary Judgment on that ground is also denied.
The defendant also claims that the facts of the case do not constitute an "inadmissible" plan of construction sufficient to establish liability for a design defect under the rule of Donnelly v. Ives, supra. Here again, the issue presents a question of fact which should be determined by an evidentiary hearing and based upon the record before the court, a summary judgment is not warranted.
The plaintiff also claims that the complaint alleges negligence and that the statutory cause of action is one for a breach of a statutory duty and accordingly no negligence action may be maintained. A review of the complaint indicates that it is clearly founded upon the provisions of General Statutes 13a-149
and does not purport to set forth a cause of action in negligence. See, Lamb v. Burns, 202 Conn. 158, 166-171 (1987).
The defendant has also moved for a summary judgment with respect to the issue of notice which represents a question of fact.
Accordingly, the Motions for Summary Judgment filed by the plaintiff and by the defendant are hereby denied.
The motion filed by the plaintiff to amend the complaint so as to allege that the defect created by the parked cars constituted an impermissible design and plan of construction is hereby granted. CT Page 5147
RUSH, JUDGE CT Page 5148