[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO CITE IN
The plaintiff instituted the present action seeking to recover damages for personal injuries claimed to have been received, as a result of the negligence of the defendant, in an automobile accident occurring on August 24, 1988. The complaint alleges that the defendant was an engineering firm under contract with the State of Connecticut and had supervision and control over the construction and repairs of the highway. The plaintiff claims to have been injured when the vehicle he was operating wandered slightly off the freshly paved surfaces where it encountered an unforeseen vertical drop causing the vehicle to become involved in an accident. The defendant has filed, on December 21, 1992, a Motion to Cite In the State of Connecticut as a party defendant for the purposes of apportioning the responsibility under Tort Reform II to which the plaintiff has filed objections.
The defendant claims General Statutes 52-572h establishes a CT Page 3859 policy under which a party, against whom recovery is allowed, shall be liable for only his proportionate share of recoverable damages. The defendant also claims that the obligations imposed on the State of Connecticut by General Statutes 13a-144 essentially obligations founded in negligence although claims under that statute are based upon a breach of statutory duty. See, Steele v. Stonington,225 Conn. 217 (1993); McLaughlin v. Morlock, 7 Conn. L. Rptr. No. 2, 55 (August 3, 1992) (Fuller, J.). The defendant claims that it is necessary, under Tort Reform II, that the State of Connecticut be made a "party" in order for a complete determination of the questions involved.
General Statutes 52-102 provides:
 "Upon motion made by any party or nonparty to a civil action, the person named in the party's motion or the nonparty so moving, as the case may be, . . . (2) shall be made a party by the court if that person is necessary for a complete determination or settlement of any question involved therein; provided no person who is immune from liability shall be made a defendant in the controversy." (emphasis supplied)
The State of Connecticut is immune from suit unless it consents by appropriate legislation to waive its sovereign immunity and the State has waived that immunity in the manner set forth in the Highway Statute, General Statutes 13a-144. White v. Burns,213 Conn. 307 (1990); Donnolly v. Ives, 159 Conn. 163, 166 (197). However, the immunity from suit is limited by the terms of the statute and General Statutes 13a-144 specifically provides that "[N]o such action shall be brought except within two years from the date" of the injury.
The injuries in the present case were received in an accident occurring in August of 1988 and accordingly, the waiver of sovereign immunity by the State would have expired two years from that date. The court holds that not only is the State of Connecticut a "person who is immune from liability" within the meaning of General Statutes 52-102, but it is also immune from suit itself. Therefore, it is not necessary for the court to reach the defendants' claims that the claimed breach of statutory duty constitutes negligence for the purposes of apportionment of damages under Tort Reform II.
Accordingly, the Motion to Cite In the State of Connecticut as CT Page 3860 a party defendant is denied.
RUSH, J.