[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
This is an action brought by the plaintiffs pursuant to General Statutes 13a-144, the Defective Highway Statute, for personal injuries allegedly sustained by the plaintiff Marcy Vogel as a result of the defendant's failure to take reasonable precautions to protect highway travelers from a known danger.
The plaintiffs filed a two count complaint against defendant in his capacity as the Commissioner of Transportation for the State of Connecticut. The first count alleges that on January 7, 1991, due to a defect near the highway on which plaintiff Mary Vogel was traveling, she was injured by rocks thrown from an overpass. The second count, a loss of consortium claim by plaintiff James Vogel based on plaintiff Marcy Vogel's injuries, has been withdrawn.
The defendant has filed a motion for summary judgment pursuant to Practice Book 379. The defendant claims that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law.
A motion for summary judgment is "a method of resolving litigation when the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Wilson v. New Haven, 213 Conn. 277,279 (1989).
 The party moving for summary judgment has the burden of showing the absence of any genuine issue as to all material facts, which under applicable principles of substantive law, entitle him to judgment CT Page 9629 as a matter of law. To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact.
Dougherty v. Graham, 161 Conn. 248, 250 (1971). The burden of proof always remains with the moving party and the evidence must be viewed in a light most favorable to the nonmoving party. See Connell v. Colwell, 214 Conn. 242,246-47 (1990). An "issue of fact" includes not only evidentiary facts but also questions as to how the trier of fact would characterize those facts and what inferences and conclusions it would draw from them. United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364, 379 (1969). In reaching a decision on a summary judgment motion, the test employed by the court is whether the moving party would be entitled to a directed verdict on the same facts. Id., 380.
The defendant argues that the plaintiff's allegation of a defective condition due to the lack of a fence or other screening on the overpass constitutes a claim of design defect. The defendant argues that this design defect, as alleged, is not recognized as a part of 13a-144. The plaintiff argues that she is alleging that the rock-throwing incidents constituted the defect under13a-144. The plaintiff alleges in paragraph 6 of her complaint the following:
 The injuries and losses of the plaintiff Marcy Vogel were caused by the breach of statutory duty of the defendant in one or more of the following ways:
 (a) the overpass lacked appropriate screening or other guards;
 (b) no attempt was made to screen or cordon off the overpass, although several incidents of rocks being thrown from the overpass had been reported prior to this incident;
(c) there were no warning signs in CT Page 9630 the area to warn approaching motorist of the hazardous and dangerous conditions then and there existing;
Section 13a-144 provides, in part:
 Any person injured in person or property through the neglect of default of the state or any of its employees by means of any defective highway, bridge or sidewalk which it is the duty of the commissioner of transportation to keep in repair, . . . may bring a civil action to recover damages sustained thereby against the commissioner in the superior court.
"The duty imposed on the state by the provision of the defective highway statute is not such as to make the state an insurer for people using those highways which the defendant must keep in repair but rather a duty to exercise reasonable care to make and keep such roads in a reasonably safe condition for the reasonably prudent traveler." Donnelly v. Ives, 159 Conn. 163, 167 (1970).
A claim of design error is not within the purview of the defective highway statute. Id. "The general rule is that a public authority acts in a quasi-judicial or legislative capacity in adopting a plan for the improvement or repair of its streets or highways and ordinarily will not be liable for consequential damages for injuries due to errors or defects in the plan adopted." Vignone v. Burns,4 CSCR 96, 97 (December 14, 1988, O'Neill, J.). Nevertheless, the Connecticut Supreme Court has declared that "were the plan of construction adopted one which was totally inadmissible, . . . the highway would have been in such a defective condition as to have been out of repair from the beginning." Donnelly v. Ives, supra, 167.
The defect which the plaintiff alleges is, in fact, a design defect. The pleadings and other proof show that the plaintiff is contending that there was a lack of screening which allowed the rock-throwing to occur. The plaintiff does not allege that the design defect occurred when the plan of construction was adopted or that the plan was totally inadmissible, nor does the plaintiff present any CT Page 9631 proof to that effect.
Even assuming, arguendo, the plaintiff's assertion that the rock-throwing incidents were the alleged defect, the rock-throwing incidents do not constitute a defect within the meaning of General Statutes 13a-144. A defect in a highway has been described as "[a]ny object in, upon, or near the traveled path, which would necessarily obstruct or hinder in the use of the road for the purpose of traveling thereon, or which, from its nature and position, would be likely to produce that result. . . ." Sanzone v. Board of Police Commissioners, 219 Conn. 179, 202 (1991).
 This court in [Hewison v. New Haven, 34 Conn. 136, (1987)] recognized that the defect need not be a part of the roadbed itself. It gave, among other examples, tree limbs overhanging the roadway near the ground which necessarily obstructed the use of the road. On the other hand, the case pointed out that those objects which have no necessary connection with the roadbed or public travel, which expose a person to danger, not as a traveler, but independent of the highway, do not ordinarily render the road defective. This court listed trees, walls of buildings standing beside the road, and objects suspended over the highway which are so high as to be entirely out of the way of travelers, as examples of the latter. It further pointed out that a person could be injured by them, but the use of the highway, as such, does not necessarily bring about the injury. Such objects may be a nuisance that the government unit may have an obligation to abate, but they are not defects in the highway.
Comba v. Ridgefield, 177 Conn. 268, 270 (1979). In Comba, the court found that a tree limb that was overhanging the road did not constitute a defect when the limb broke off and struck the car in which the plaintiff was riding, but noted that liability under the defective highway statute may be CT Page 9632 found where the defective condition that is not in a roadway is "so direct a menace to travel over the way and so susceptible to protection and remedial measures which could be reasonably applied within the way that failure to employ such measures would be regarded as a lack of reasonable repair." Id. 271. In the present case the rock-throwing incidents would not constitute a defect for the purpose of the defective highway statute within the Combra case.
Based on the foregoing, the court finds that the plaintiff has failed to raise an issue of material fact as to whether the defect alleged actually constitutes a defect under 13a-144 and that the defendant is entitled to judgment as a matter of law on such grounds.
The defendant further argues that the plaintiff cannot show that the alleged defect was the sole proximate cause of her injuries.
"It is well established that parties suing the state for injuries sustained because of a defective highway must prove that the defect was the sole proximate case of their injuries." Lamb v. Burns, 202 Conn. 158, 175 (1987). Under 13a-144, liability "can only be imposed if the defect in the highway is the sole proximate cause of the plaintiff's injuries and if those injuries are not also proximately caused by the negligence of the plaintiff or a third person." D'Arcy v. Shugrue, 5 Conn. App. 12, 14 (1985).
 "It is the statute only, which entitles the plaintiff to compensation for his injury when that injury is caused through or by means of a defect in the highway. If the negligence of himself or of a third person is also a proximate cause, he cannot say with truth that he was injured by the defect; he can only say with truth that he was injured by his own or another's carelessness and the defect, and the two combined give no cause of action under the statute."
Roth v. MacDonald, 124 Conn. 461, 463 (1938).
In the D'Arcy case, the plaintiff alleged that the CT Page 9633 Commissioner of Transportation's failure to erect a metal beam divider was the sole proximate cause of an automobile accident in which another vehicle swerved across a median at a point where there was no barrier and struck the vehicle of the plaintiff's decedents. The driver of the other vehicle was traveling much faster than the posted speed limit and had drunk a half pint of vodka in the three hours prior to the accident. The plaintiff conceded at trial that the driver of the other vehicle was negligent. The jury found that the Commissioner's failure to erect the divider was the sole proximate cause of the accident. The Appellate Court found error and remanded the case, holding that the jury could not rationally have found based on the evidence offered, either that the other driver's negligence was not a substantial factor in causing the accident, or that the Commissioner's negligence was a superseding cause of the accident.
 The function of the doctrine of superseding cause is not to serve as an independent basis of liability, regardless of the conduct of a third party whose negligent conduct may have contributed to the plaintiff's loss. The function of the doctrine is to define the circumstances under which responsibility may be shifted entirely from the shoulders of one person, who is determined to be negligent, to the shoulders of another person, who may also be determined to be negligent, or to some other force. "A superseding cause is an act of a third person or other force which by its intervention prevents the actor from being liable for harm to another which his antecedent negligence is a substantial factor in bringing about."
D'Arcy v. Shugrue, supra, 24 (citation omitted).
In the present case, the evidence submitted by the defendant shows that the plaintiff will not be able to prove sole proximate cause. The court finds that the plaintiff has failed to present evidence sufficient to create a genuine issue of material fact as to the issue of sole proximate CT Page 9634 cause and that the defendant is entitled to judgment as a matter of law on such grounds.
For reasons stated above, the defendant's motion for summary judgment is granted.
Hendel, J.