[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On March 26, 1997, the plaintiff, Patricia Aaronson, filed a two count complaint against the defendants, McDonald's Corporation and the State of Connecticut Department of Transportation arising from a slip and fall incident in a rest area parking lot. The rest area is located on eastbound Interstate 95 in Darien, Connecticut. The two count complaint alleges negligence in the maintenance of the parking lot by the two defendants in this case which resulted in the injuries sustained by the plaintiff. On September 8, 1997, the court, Blue, J., granted the McDonald's Corporation's motion for summary judgment on the grounds that it did not own or control the premises at the time of the accident. On May 15, 1997, the State of Connecticut Department of Transportation filed a motion to dismiss on the ground of sovereign immunity, arguing that a parking lot is not within the scope of liability set forth in General Statutes § 13a-144.[1]
"A motion to dismiss . . . properly attacks the jurisdiction CT Page 10954 of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991). "[T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." (Internal quotation marks omitted.) FederalDeposit Ins. Corp. v. Peabody, N.E., Inc., 239 Conn. 93, 99,680 A.2d 1321 (1996).
"It is a long established rule of common law that the state is immune from suit unless it has legislatively consented to be sued." Lacasse v. Burns, 214 Conn. 464, 468, 572 A.2d 357 (1990). "The state highway liability statute is a legislative exception to the common law doctrine of sovereign immunity and is to be strictly construed in favor of the state." White v. Burns,213 Conn. 307, 321, 567 A.2d 1195 (1990). "Where there is any doubt about the meaning or intent of such a statute, it is to be given the construction which makes the least rather than the most change in sovereign immunity." Id., 312.
A "defect" in a highway has been defined as "[a]ny object in, upon, or near the traveled path, which would necessarily obstruct or hinder in the use of the road for the purpose of traveling thereon, or which, from its nature and position, would be likely to produce that result. . . ." Sanzone v. Board of PoliceCommissioners, 219 Conn. 179, 202, 592 A.2d 912 (1991). A defective condition which is not part of the actual roadway must be "so direct a menace to travel over the way and so susceptible to protection and remedial measures which could be reasonably applied within the way that failure to employ such measures would be regarded as a lack of-reasonable repair." Comba v. Ridgefield,177 Conn. 268, 271, 413 A.2d 859 (1979). Thus, the "duty imposed on the state by the provision of the defective highway statute is not such as to make the state an insurer for people using . . . highways . . . but rather a duty to exercise reasonable care to make and keep such roads in a reasonably safe condition for the reasonably prudent traveler." Vogel v. Frankel, Superior Court, judicial district of New London at Norwich, Docket No. 99084, 10 CONN. L. RPTR. 326 (November 8, 1993; Hendel, J.)., citingDonnelly v. Ives, 159 Conn. 163, 167,268 A.2d 406 (1970).
Most courts which have dealt with the issue of whether a parking lot is covered under the defective highway statute have analyzed it in the context of General Statutes § 13a-149, the CT Page 10955 defective highway statute applicable to municipalities. Our courts have determined that "[t]here is no substantial difference in the duties imposed by [§ 13a-144 and § 13a-149], and . . . the duties are deemed to be identical." Comba v. Ridgefield, supra,177 Conn. 269-70. Thus, applying case law interpreting § 13a-149, parking lots are not covered by § 13a-144 or § 13a-149. See, e.g., Gough v. Fairfield, Superior Court, judicial district of Bridgeport, Docket No. 252475, 7 CONN. L. RPTR. 50 (July 9, 1992; Lewis, J.); Alfano v. Litchfield, Superior Court, judicial district of Litchfield, Docket No. 057686 6 CONN. L. RPTR. 303 (April 13, 1992; Pickett, J.); Rotella v.Waterbury, Superior Court, judicial district of Waterbury, Docket No. 83537 (May 31, 1989; Langenbach, J.); Appelton v. Kendra,
Superior Court, judicial district of Hartford/New Britain, Docket No. 362337, 5 CONN. L. RPTR. 158 (October 22, 1991; Hennessey, J.). The rationale behind these decisions is that statutes which modify governmental immunity must be strictly construed. See id.
In the present case, the plaintiff was injured after slipping on a patch of oil on top of the parking lot surface. The oil should not be construed as a defect covered under § 13a-144. "Thecondition alleged in this case did not obstruct, hinder, oroperate as a menace to travel. It was a condition that couldcause injury, but that injury could result even to one who wasnot a traveler on the highway." Comba v. Ridgefield, supra,177 Conn. 271. (Emphasis added.) Thus, to incorporate a fall within a parking lot into the parameters of liability under § 13a-144, the defect causing injury must be so directly associated with traveling on the highway that it impedes travel and, more importantly, it must also be an injury common only to those who are engaged in travel. See Comba v. Ridgefield, supra,177 Conn. 271 (injury sustained from overhanging tree limb which fell onto the plaintiff as she was traveling along a public highway not a defect in highway); Vogel v. Frankel, supra, Docket No. 99084, 10 CONN. L. RPTR. 326 (injury sustained from rocks thrown from an overpass lacking screening constituted a design error, not a defect in the highway).[2]
Any statute waiving sovereign immunity must be strictly interpreted. Parking lots have not been held to be within the meaning of General Statutes § 13a-144. To extend liability for injuries which could be sustained independent to the course of travel would be contrary to the legislative purpose of the defective highway statute. Thus, as a matter of law, the defendant's motion IS GRANTED. CT Page 10956
Howard F. Zoarski Judge Trial Referee