KEVIN SULLIVAN *v.* CITY OF NORWALK
(10208)

NORCOTT, LAVERY and CRETELLA, Js.

Argued May 6—decision released August 4, 1992

*Katherine C. Senie,* assistant corporation counsel, with whom, on the brief, were *Alfred Santaniello,* corporation counsel, and *Owen McEvoy* and *Jennifer Hauhuth,* legal interns, for the appellant (defendant).

*Richard P. Gilardi,* with whom, on the brief, was *George Booth,* for the appellee (plaintiff).

NORCOTT, J. The defendant appeals from the trial court's judgment, after a jury trial, in favor of the plaintiff, awarding him $125,000 in damages for injuries suffered as a result of the defendant's violation of General Statutes § 13a-149, one of the state's highway defect statutes.

On appeal, the defendant claims that the trial court (1) improperly denied the defendant's motion for a directed verdict, (2) improperly instructed the jury on common law negligence, (3) improperly ordered the jury to reconsider its responses to certain written interrogatories, and (4) failed either to grant judgment notwithstanding the verdict or to set aside the verdict. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. The plaintiff, an experienced motorcyclist, and his passenger, Suzanne Kelly, were riding his motor-

cycle on the evening of June 21 and in the early morning of June 22. At about 1:40 a.m., they approached a Y-shaped intersection in Norwalk where four days earlier the defendant's public work's department had directed a street cleaning crew to remove sand. At a speed of roughly twenty-five to thirty miles per hour, the plaintiff proceeded toward the intersection, intending to bear left on Allen Road. When he saw an accumulation of sand in the intersection, the plaintiff decided that the safest course of action was to slow the vehicle to a speed at which he could lay it down on the ground and bring it to a full stop. He chose this approach to avoid what he perceived would be an uncontrolled slide and collision with a stone wall on the opposite side of the intersection. The plaintiff nevertheless lost control of the vehicle, was thrown from the motorcycle and was injured.

At trial, the defendant, at the close of the plaintiff's case-in-chief, moved for a directed verdict, arguing that the plaintiff had not made out a prima facie case under General Statutes § 13a-149. The trial court denied the motion. The jury returned a verdict for the plaintiff accompanied with responses to special interrogatories prepared by the defendant. Because two of the answers were inconsistent with the verdict, the court ordered the jurors to reconsider their answers to the interrogatories.[1] Shortly thereafter, the jury returned with answers to the two interrogatories, changed so as to conform to the verdict. The defendant subsequently moved for judgment notwithstanding the verdict and requested the court to set aside the verdict. The trial court also denied these motions. This appeal followed.

---

[1] The court explained to the jury: "Ladies and gentlemen be seated. Your verdict is in conflict with your answer in paragraph five and paragraph six. I'm going to give you these interrogatories back. Go back to the jury room and you'd better read these questions again."

The defendant first claims that the trial court improperly denied a motion for a directed verdict and a motion to set aside the verdict. In essence, the defendant argues that the plaintiff failed to establish a prima facie case of liability under General Statutes § 13a-149. We disagree.

Our review of the trial court's refusal to direct a verdict is limited.[2] " '[W]e view the evidence in the light most favorable to the plaintiff. . . . A directed verdict is justified if on the evidence the jury could not reasonably and legally reach any other conclusion than that embodied in [a verdict for the defendant] . . . or if the evidence is so weak that it would be proper for the court to set aside a verdict rendered for the other party.' . . . When a jury has returned a verdict and the trial court has refused to set it aside, '[t]he court's decision will be upheld on appeal if, from the evidence presented, the jury could reasonably have concluded as it did.' " (Citations omitted.) *Hall* v. *Winfrey,* 27 Conn. App. 154, 157–58, 604 A.2d 1334, cert. denied, 222 Conn. 903, 606 A.2d 1327 (1992); *Boehm* v. *Kish,* 201 Conn. 385, 388–89, 517 A.2d 624 (1986).

Pursuant to General Statutes § 13a-149,[3] the plaintiff must present evidence sufficient to support the following elements by a fair preponderance of the evidence: "(1) that the highway was defective as claimed; (2) that the defendant actually knew of the particular defect or that, in the exercise of its supervision of highways in the city, it should have known of that defect; (3) that the defendant, having actual or constructive knowledge of this defect, failed to remedy it having had a reasonable time, under all the circum-

---

[2] "Our standards of review for a directed verdict and denial of a motion to set aside the verdict are the same." *Hall* v. *Winfrey,* 27 Conn. App. 154, 157, 604 A.2d 1334 (1992). Thus, we address jointly the defendant's first and fourth claims on appeal.

[3] General Statutes § 13a-149 provides in pertinent part: "Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair."

stances, to do so; and (4) that the defect must have been the sole proximate cause of the injuries and damages claimed, which means that the plaintiff must prove freedom from contributory negligence." *Lukas* v. *New Haven,* 184 Conn. 205, 207, 439 A.2d 949 (1981).

Our Supreme Court has defined a highway defect as " '[a]ny object in, upon, or near the traveled path, which would necessarily obstruct or hinder one in the use of the road for the purpose of traveling thereon . . . .' " *Sanzone* v. *Board of Police Commissioners,* 219 Conn. 179, 202, 592 A.2d 912 (1991). "Whether a highway is defective may involve issues of fact, but whether the facts alleged would, if true, amount to a highway defect according to the statute is a question of law . . . ." Id., 201.

In this case, the alleged defect is the presence of sand in the intersection. As a matter of law, a road covered with loose gravel *may* be defective. *Hickey* v. *Newtown,* 150 Conn. 514, 518, 192 A.2d 199 (1963). At issue, then, is whether the facts pertaining to the presence of sand on the road support the jury's finding of a defect. The plaintiff called three witnesses who testified about the condition of the intersection. Each described an accumulation of sand in the intersection. From this evidence, the jury reasonably could have concluded that the road was defective because of the presence of sand.

Likewise, the jury could have reasonably concluded that the plaintiff sustained his burden of proof as to notice of and failure to remedy the defect. Our Supreme Court recently articulated the test for establishing these two elements. "When a possessor of land fails to make or to have made a *reasonable inspection* which would have disclosed the dangerous condition, his negligent ignorance is, in the eyes of the law, equivalent to actual knowledge. . . . The duty to make a reasonable inspection, i.e., investigation or detection, absent actual notice depends upon the nature of the defect and the length

of time it existed. The circumstances of each case must be examined." (Citations omitted.) *Hall* v. *Burns,* 213 Conn. 446, 479–80, 559 A.2d 10 (1990).[4]

In this case, the evidence was sufficient for the jury to determine that the defendant had notice and that it failed to remedy the defect. For example, Thomas Kelly, the defendant's superintendent of maintenance, testified that four days before the plaintiff's accident, city workers swept the streets that formed the intersection. Suzanne Kelly, however, testified that immediately before the accident she saw sand in the intersection. She further testified that the next day she saw sand spread across the intersection in the shape of a V, noting that it appeared as though a street cleaner had brushed the sand from the curb into the street. On the basis of this testimony, the jury could reasonably have concluded that the city was on notice and failed to remedy the road defect adequately.

The plaintiff was obligated to establish that the accident was in no way attributable to his own negligence. *Lukas* v. *New Haven,* supra. Again, the evidence is sufficient to support the jury's finding that the plaintiff satisfied this requirement. A factual finding will not be reversed on appeal unless it is clearly erroneous. *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221–22, 435 A.2d 24 (1980). Likewise, "[i]t is the province of the jury to determine the credibility and weight to be given the evidence." *Champagne* v. *Raybestos-Manhattan, Inc.,* 212 Conn. 509, 544, 562 A.2d 1100 (1989). Here, the reasonableness of the plain-

---

[4] The holding in *Hall* is based on an interpretation of General Statutes § 13a-144, which outlines the state's liability for highway defects. Regarding the relationship between §§ 13a-144 and 13a-149, " 'there is no material difference in the obligation imposed on the state by § 13a-144 and that imposed on municipalities by § 13a-149.' " *Hall* v. *Burns,* 213 Conn. 446, 477, 559 A.2d 10 (1990), quoting *Donnelly* v. *Ives,* 159 Conn. 163, 167, 268 A.2d 406 (1970).

tiff's decision to apply the brakes and then to lay the motorcycle onto the pavement was a factual issue for the jury as trier of fact. Apparently, the jury adopted the plaintiff's testimony in light of his experience as a motorcyclist. On the basis of our review of the record, we cannot find that the jury's determination was clearly erroneous. Rather, we conclude that the plaintiff's evidence was sufficient to establish a prima facie cause of action within the purview of General Statutes § 13a-149.

The defendant next claims that the trial court's instructions to the jury confused principles of common law negligence with the statutory elements of the plaintiff's cause of action, thereby misleading the jury. We disagree.

The following additional facts are pertinent to our resolution of this claim. In its instructions to the jury, the court explained the tests for assessing whether the defendant exercised reasonable care, drawing, in part, on the law of negligence.[5] The court's discussion of negligence also addressed the element of causation, referring at times to the substantial factor test for causation.[6]

The court also instructed the jury on the elements necessary to establish liability under General Statutes § 13a-149, making two references to the plaintiff's obligation to prove that the defective road was the "sole

[5] For example, the trial court explained: "So, ladies and gentlemen, reasonably we must analyze what is negligence. It's the warrantee or the failure to exercise reasonably prudent judgment. And that care must be defined as what you would understand to be what a reasonably prudent person would do under the circumstances existing in a given situation of accident."

[6] In one instance the court stated: "If you find the plaintiff on the complaint sustained his burden of proof on one issue, then you must determine the second issue. That is, whether such negligence was the proximate cause or substantial factor in producing the injuries and the property damage sustained by the party plaintiff."

proximate cause" of the accident. For instance, the court stated that "if you find that [the plaintiff] failed to prove by a fair preponderance of the evidence that his injuries were the direct result, the sole proximate cause of the negligence of the city . . . your duty as jurors to decide this case is over, because your verdict will be for the defendant."

Our standard of review concerning claims of instructional error is well settled. "[J]ury instructions must be read as a whole and . . . are not to be judged in artificial isolation from the overall charge. . . . The whole charge must be considered from the standpoint of its effect on the jurors in guiding them to a proper verdict . . . and not critically dissected in a microscopic search for possible error." (Citations omitted; internal quotation marks omitted.) *Hall* v. *Burns,* supra, 475; see also *Lemonious* v. *Burns,* 27 Conn. App. 734, 739–41, 609 A.2d 254 (1992). A court's instructions must be adapted to the issues and not mislead the jury but reasonably guide it in reaching a verdict. *Lemonious* v. *Burns,* supra.

The defendant asserts that the court improperly incorporated the law of negligence into its instruction on the defendant's duty to maintain its roads. This claim, however, defies controlling precedent. Our Supreme Court recently held that "[t]here can be no question but that the nature of the duty resting upon the state . . . is to exercise reasonable care to keep the state highways in a reasonably safe condition for public travelers . . . . That duty is that of reasonable care, that is, that degree of care which the ordinarily prudent person would exercise under similar circumstances. . . . [Section] 13a-144 incorporates a similar standard to that used in common law negligence . . . ." *White* v. *Burns,* 213 Conn. 307, 322–23, 567

A.2d 1195 (1990).[7] Thus, even though the plaintiff's cause of action is statutory, principles of negligence are instructive in analyzing the extent of the defendant's duty to the plaintiff. In this case, the court referred to common law negligence principles as a foundation for determining whether the defendant breached its duty under § 13a-149. Because of the close parallel between negligence and § 13a-149, the court's instructions in this respect were proper.

The court's charge on the issue of causation is somewhat more troubling. As stated above, the plaintiff must prove that the defendant's negligence was the sole proximate cause of the accident. *Lukas* v. *New Haven,* supra, 207. The court underscored the importance of this element when it twice referred to sole proximate cause as a necessary element the plaintiff must establish under § 13a-149. Although it is settled that the substantial factor test is not the proper method of analysis for establishing causation under the statute; Id.; *Klingeman* v. *MacKay,* 25 Conn. App. 217, 224, 594 A.2d 18, cert. denied, 220 Conn. 910, 597 A.2d 333 (1991); the court's instructions, read in their entirety, were appropriately tailored to the plaintiff's cause of action under § 13a-149. The instructions articulated each of the statute's elements, were adapted to the issues and were stated so as not to mislead the jury. *Lemonious* v. *Burns,* supra. Despite technical and isolated inaccuracies, the court's charge to the jury accurately and adequately described the legal requirements of the plaintiff's cause of action.

The defendant's final claim on appeal is that the court improperly returned the jury for further deliberations

[7] The court in *White* interpreted General Statutes § 13a-144. The Supreme Court has clearly stated that there is no material difference between §§ 13a-144 and 13a-149 regarding the elements necessary to establish liability. *Hall* v. *Burns,* 213 Conn. 466, 477, 559 A.2d 10 (1990).

instead of rendering judgment in the defendant's favor on the basis of the jury's initial responses to written interrogatories. We disagree.

The following additional facts are pertinent to our disposition of this claim. After the court instructed the jury, it provided the jury with six interrogatories prepared by the defendant. When the jury initially returned with a verdict for the plaintiff and with responses to the interrogatories, its answers to the fifth and sixth interrogatories indicated that the plaintiff had not operated the motorcycle with reasonable care and that the plaintiff was in part responsible for the accident.[8] The court promptly explained to the jury that the answers to questions five and six could not be squared with a verdict for the plaintiff. The court then ordered the jury to reconsider its responses to the interrogatories. When the jury returned, it presented to the court the interrogatories with changes to the fifth and sixth answers, finding that the plaintiff had acted in due care and was not in any degree responsible for the accident.

A court's order for reconsideration is within its sound discretion. General Statutes § 52-223; Practice Book

---

[8] The interrogatories and initial responses were as follows:

"1. Was the presence of sand at the intersection of Allen Road and Toilsome Avenue such as to render the highway defective?

"ANSWER: Yes

"2. Did the City of Norwalk have actual or constructive notice of the sand?

"ANSWER: Yes

"3. Having either actual or constructive knowledge of the sand, did the City have sufficient time to remove the sand and did fail to do so?

"ANSWERS: Yes

"4. Was the presence of sand the entire cause of this accident?

"ANSWER: Yes

"5. Was the Plaintiff acting in due care while operating his motorcycle at this intersection?

"ANSWER: No

"6. Was the Plaintiff responsible in any degree for this accident?

"ANSWER: Yes."

§ 311. The court was not obligated to render judgment for the defendant on the basis of the jury's *initial* responses to the interrogatories. " 'To justify the entry of a judgment contrary to a general verdict upon the basis of answers to interrogatories, those answers must be such in themselves as *conclusively* to show that as a matter of law judgment could only be rendered for the party against whom the verdict was found . . . .' " (Emphasis added.) *Murteza* v. *State,* 7 Conn. App. 196, 201, 508 A.2d 449 (1986), quoting *Belchak* v. *New York, N.H. & H. R. Co.,* 119 Conn. 630, 634, 179 A. 95 (1935); see also *DeJesus* v. *Craftsman Machinery Co.,* 16 Conn. App. 558, 548 A.2d 736 (1988).

In this case, the court could not have directed a verdict for the defendant because the jury's initial responses to the interrogatories did not conclusively negate an essential element of the plaintiff's claim. The jury's response to question four was irreconcilable with its responses to questions five and six; the defect could not have been the "entire cause" of the accident if the plaintiff was responsible in some degree. Because of this fundamental inconsistency, the jury never conclusively determined whether the plaintiff contributed to the cause of the accident. Absent a conclusive finding with respect to causation, the responses did not conflict with the verdict, and the court properly declined to direct a verdict for the defendant. Therefore, the court properly ordered the jurors to reconsider their answers to the interrogatories.

The judgment is affirmed.

In this opinion the other judges concurred.