[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #189
This action arises from an accident which occurred on July 19, 1987 when an auto which the plaintiff's decedent was operating was struck by a train at the Toelles Road railroad crossing in Wallingford, Ct. Named as defendants are the National Railroad Passenger Corp., the State of Connecticut Commissioner of Transportation, and the Town of Wallingford.
The second count of the complaint is directed against the Town of Wallingford and alleges that the Town is liable for the death of the plaintiff's decedent pursuant to Conn. Gen. Stat. sec. 13a-149, i.e. the defective highway statute. In the fourth count of the complaint the plaintiff seeks to state a cause of action pursuant to Conn. Gen. Stat. sec. 52-557n through allegations of negligence on the part of certain town employees specifically the Director of the Department of Public Works, an employee who was allegedly in charge of signs for town roads, and the Chief of Police. The defendant Town of Wallingford has now moved for summary judgment on both the second and the fourth counts of the complaint.
As to the second count the Town relies upon that portion of Section 13a-149 which provides in part:
 "If the injury has been caused by a structure legally placed on such road by a railroad company, it, and not the party bound to keep the road in repair, shall be liable therefore."
Judge Schaller has had the occasion to consider this issue CT Page 4009 in a case arising from an accident at the same Toelles Road crossing. See Gagne v. National Railroad Passenger Corp., Docket No. 338607, Superior Court, Judicial District of Hartford — New Britain at Hartford. This court agrees with the reasoning of Judge Schaller in denying the Town's motion for summary judgment in that case. Based upon the allegations of the complaint and the documents submitted by the plaintiff in opposition to the Town's motion, there is an issue of material fact as to whether the accident was caused by the Town's failure to maintain its roadways in a reasonably safe condition as opposed to being caused by a structure legally placed on the road by a railroad company.
As stated above, the fourth count brought pursuant to Conn. Gen. Stat. sec. 52-557n, et seq. and alleges negligence on the part of specified town employees. The allegations of negligence essentially allege that those employees failed to cause sufficient warning devices to be placed on Toelles Road where it intersected the train tracks and failed to install bars or gates which would prevent a vehicle from crossing the tracks when a train was approaching. In moving to strike the fourth count, the town relies upon the holding of the Connecticut Supreme Court in Sanzone v. Board of Police Commissioners, 219 Conn. 179 (1991).
The holding of the Court in Sanzone, makes it clear that no cause of action for damages resulting from injury to person or property by means of a defective road or bridge shall be brought except pursuant to sec. 13a-149 of the General Statutes, whether or not such action is grounded in nuisance, or alleged negligence on the part of municipal employees.
The plaintiff seeks to avoid the consequences of Sanzone by making the claim that the allegations in the fourth count go beyond mere claims of a defective highway. However, the Court in Sanzone, at p. 202-203 explicitly held that a malfunctioning overhead traffic signal is a "highway defect" within the meaning of the statute although certainly not an impediment at street level. A highway defect is any object in upon, or near the travelled path which would hinder one in the use of the road for travel purposes. Ibid at p. 202.
The focus, than, is whether the alleged defect or dangerous conditions is one which directly relates to the safety of one using the highway for travel purposes. Certainly, the alleged defects in the fourth count come within that category, therefore, CT Page 4010 it is the court's opinion that the claim of the plaintiff is limited to an action pursuant to sec. 13a-149.
Accordingly the Motion for Summary Judgment of the Town of Wallingford is denied as to Count Two and granted as to Count Four.
Bruce W. Thompson, Judge