[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION FOR SUMMARY JUDGMENT DATED FEBRUARY 17, 1993
On October 14, 1987, the plaintiffs, David Smith ["David"] and Timothy Smith ["Timothy"], were crossing a footbridge located between Morris Street and Grant Street in New Haven, Connecticut. While the plaintiffs were crossing the bridge, David came into contact with a high-voltage wire causing him to fall to the railroad tracks below. As a result of the contact and fall, David sustained severe injuries. Timothy, David's brother, CT Page 10358 witnessed the accident and suffered mental anguish.
As a result of the accident, the plaintiffs, David, Timothy, and Helen Smith, their mother, filed a twenty-five count complaint against the defendants, Metro-North Commuter Railroad ["Metro-North"], National Railroad Passenger Corp. ["AMTRACK"], the City of New Haven [the "City"], J. William Burns, Commissioner of Transportation for the State of Connecticut ["Burns"], the State of Connecticut [the "State"], Thomas Antollino, the Director of Public Works for the City ["Antollino"], and Biaggio DeLieto, the Mayor of New Haven ["DeLieto"]. Counts sixteen through twenty-five of the substituted complaint are directed at the City and/or its employees, Antollino and DeLieto. Counts sixteen through twenty-one are directed at the City. Count sixteen alleges a claim pursuant to General Statutes 13a-149, the defective highway statute. Count seventeen is an action pursuant to General Statutes 13a-111. The eighteenth count is a claim for bystander emotional distress. Count nineteen is a claim based upon wilful and wanton conduct. Count twenty is a cause of action for nuisance, and the twenty-first count is a claim of attractive nuisance. Counts twenty-two and twenty-four are negligence claims directed at Antollino and DeLieto, respectively, and counts twenty-three and twenty-five are claims for indemnification pursuant to General Statutes 7-465 against the City.
On February 22, 1993, the defendants, the City, Antollino and DeLieto [hereinafter the "moving defendants"], filed a motion for summary judgment as to counts sixteen through twenty-five, along with a memorandum of law. On April 12, 1993, defendant Burns filed a memorandum of law in opposition to the moving defendants' motion for summary judgment. On April 22, 1993, the plaintiffs filed a memorandum of law in opposition to the moving defendants' motion for summary judgment. Thereafter, the plaintiffs filed a supplemental memorandum of law in opposition, dated August 23, 1993, and supplemental material in opposition, dated September 27, 1993.
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book 380." Wilson v. New Haven, 213 Conn. 277, 279
(1989). "In ruling on a motion for summary judgment the court's function is not to decide issues of material fact, but rather to CT Page 10359 determine whether any such issues exist." Nolan v. Borkowski,206 Conn. 495, 505 (1988); see also Reid Reige v. Brainerd Cashman Ins. Agency, Inc., 26 Conn. App. 580, 584 (1992).
"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Connecticut Bank Trust Co. v. Carriage Lane Associates, 219 Conn. 772, 781 (1991). "`The test is whether a party would be entitled to a directed verdict on the same facts.'" (Citation omitted.) Id.
The moving defendants move for summary judgment on the grounds that: (1) the moving defendants owe no duty to the plaintiffs as a matter of law; (2) General Statutes 13a-149 is the plaintiffs' exclusive remedy; (3) General Statutes 13a-111
does not create a separate right of action; (4) the moving defendants are immune from liability; and (5) the plaintiffs have failed to allege sufficient facts to support a claim of wilful and wanton conduct.
The moving defendants first argue that, pursuant to General Statutes 13b-283, they had no duty to maintain the footbridge on which the plaintiffs were injured. Specifically, the moving defendants assert that 13b-283 imposes the responsibility of maintenance on the State.
General Statutes 13b-283 provides, in relevant part, that ["t]he State shall maintain and repair any structure (1) which spans a railroad and which supports a municipal road . . . ." (Emphasis added.) A municipal road is defined as "any road accepted, owned and maintained by a municipality and open to traffic." (Emphasis added.) Regulations of Connecticut State Agencies 13b-283-1 (15).
In support of their motion for summary judgment, the moving defendants submitted an affidavit of Leonard Smith, the City Engineer for the City of New Haven, in which Smith states that the bridge "is a structure which spans a railroad and which supports a municipal road." (Moving Defendants' Memorandum of Law in Support of Motion for Summary Judgment, Affidavit of Leonard Smith, 9). "Pursuant to [381] of the Practice Book, affidavits filed in connection with a motion for summary judgment must be made on personal knowledge, must set forth facts which would be admissible in evidence, and must show that the affiant is competent to testify to all matters stated in the affidavit." CT Page 10360 Dorazio v. M. B. Foster Electric Co., 157 Conn. 226, 228-229
(1968). Thus, "an affidavit should set forth the factual picture by a person who knows the facts." Town of Brookfield v. Candlewood Shores Estates, Inc., 201 Conn. 1, 9 (1986). Leonard Smith's affidavit does not set forth any facts to show that the bridge is open to traffic. Rather, Smith merely asserts that the bridge supports a municipal road, and his affidavit does not set forth any facts to show that the bridge is open to traffic. Smith's deposition testimony indicates that the bridge was a pedestrian footbridge and not open to traffic. (Defendant Burns' Memorandum of Law in Opposition, Exhibit A; Plaintiffs' Supplemental Memorandum of Law, Exhibits B, C). In addition, the order of the Board of Alderman of the City of New Haven authorizing the demolition of the bridge refers to the bridge as the "Grant Street-Morris Street Pedestrian Foot Bridge." (Plaintiffs' Supplemental Memorandum of Law, Exhibit E). Therefore, a question of fact exists as to whether the bridge was a municipal road. Accordingly, the motion for summary judgment on the ground that the moving defendants owed no duty is denied.
The moving defendants move for summary judgment on counts seventeen through twenty-five on the ground that General Statutes13a-149, the defective highway statute, is the plaintiffs' exclusive remedy. In opposition, the plaintiffs' assert that the subject bridge was a pedestrian bridge and, therefore, is not a highway for purposes of 13a-149.
General Statutes 13a-149 provides, in pertinent part, that "[a]ny person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair." Bridge is not defined under the statute and, to date, the courts have not addressed whether a pedestrian footbridge is a "bridge" for purposes of 13a-149.
"`Where a statute . . . does not define a term, it is appropriate to focus upon its common understanding as expressed in the law and upon its dictionary meaning.'" (Citation omitted.) Airkaman, Inc. v. Groppo, 221 Conn. 751, 756-57 (1992). "Bridge" is defined as "[a] structure spanning and providing passage over a waterway, railroad, or other obstacle." The American Heritage Dictionary, 208 (2d ed. 1985). "Footbridge" is defined as "[a] narrow bridge designed to carry only pedestrians." Id., 521. It is therefore logical to conclude that a pedestrian footbridge is a bridge for purposes of 13a-149. CT Page 10361
In order for 13a-149 to apply, however, the plaintiff's injuries must result from a defect in or on the bridge. See General Statutes 13a-149. A defect has been described as "`any object or condition in, upon, or near the traveled path which would necessarily obstruct or hinder one in the use of the [bridge] for the purpose of traveling thereon, or which from its nature and position, would be likely to produce that result.'" Sullivan v. Norwalk, 28 Conn. App. 449, 453 (1992), quoting Sanzone v. Board of Police Commissioners, 219 Conn. 279, 202 (1991). "[T]he defect need not be part of the [bridge] itself." Comba v. Ridgefield, 177 Conn. 268, 270 (1979). However, if the defect is not in the travelled portion of the bridge, "it must be so direct a menace to travel over the way and so susceptible to protection and remedial measures which could be reasonably applied within the way that the failure to employ such measures would be regarded as a lack of reasonable repair." (Citations omitted.) Id., 272. "The focus, then, is whether the alleged defect or dangerous conditions is one which directly relates to the safety of one using the [bridge] for travel purposes." Pimentel v. National Railroad Passenger Corp., 8 CSCR 568, ___ (April 19, 1993, Thompson, J.).
The plaintiffs allege, inter alia, that the bridge was defective in that the railings were missing and/or in disrepair. "Whether a highway is defective may involve issues of fact, but whether the facts alleged would, if true, amount to a highway defect according to the statute is a question of law. . ." Sanzone v. Board of Police Commissioners, 219 Conn. 179, 201
(1991). General Statutes 13a-111 provides that "[t]he party bound to maintain any bridge . . . shall erect and maintain a sufficient railing or fence on the sides of such bridge. . . ." This court concludes, as a matter of law, that missing and/or broken railings on the sides of the bridge, as alleged, if true, amount to a defect in the bridge, thus 13a-149 applies to the instant action.
General Statutes 52-557n provides that 13a-149, the defective highway statute, is a plaintiff's exclusive remedy for damages resulting from injury to person or property by means of a defective road. General Statutes 52-557n(a)(1)(C). Thus, where13a-149 applies, 52-557n bars any claims against a municipality for negligence, nuisance or indemnification pursuant to General Statutes 7-465. See Sanzone v. Board of Police Commissioners,219 Conn. 179 (1991). Therefore 52-557n bars counts nineteen, twenty, twenty-one, twenty-three and twenty-five, which allege CT Page 10362 claims for wilful and wanton conduct, nuisance, attractive nuisance, and indemnification pursuant to 7-465, respectively.
Further the eighteenth count seeking damages for bystander emotional distress on behalf of the plaintiff, Timothy Smith, is also barred by 52-557n. Section 13a-149 creates a cause of action only for the injured traveler on the bridge. Sanzone, supra, 199-200.
General Statutes 52-557n, however, does not "eliminate an injured plaintiff's common law right to seek damages from individual municipal employees." Sanzone, supra, 193. Section52-557n does not bar counts twenty-two and twenty-four directed at Antollino and DeLieto individually.
In addition, 52-557n does not bar the seventeenth count based upon a violation of 13a-111. Section 52-557n provides, in pertinent part, that
 [e]xcept as otherwise provided by law, a political subdivision of the state shall be liable for damages to person or property caused by: . . . [t]he negligent acts . . . of such political subdivision . . . and . . . the creation of a nuisance; provided no cause of action shall be maintained for damages resulting from injury to a person or property by means of a defective road or bridge except pursuant to 13a-149.
(Emphasis added.) General Statutes 52-557n(a)(1). In Sanzone, the court held that the meaning of the word "law" as used in the savings clause was limited to state and federal statutes. General Statutes 13a-152 provides that "[a]ny person who suffers damage in his person or property by reason of the want of any railing or fence required by 13a-111 may recover damages from the party required to erect and maintain the same. . . ." Therefore the seventeenth count is a statutory claim pursuant to 13a-152; it is not barred by 52-557n.
In summary, the moving defendants' motion for summary judgment as to counts seventeen through twenty-five on the ground that 13a-149 is the plaintiffs' exclusive rmedy [remedy] is granted as to counts eighteen, nineteen, twenty, twenty-one, twenty-three and twenty-five, but denied as to counts seventeen, twenty-two and twenty-four. CT Page 10363
The moving defendants' motion for summary judgment on counts seventeen, twenty-two and twenty-four on the ground that the moving defendants are immune from liability based upon governmental immunity is denied.
"`A municipality's potential liability for its tortious acts is limited by the common law principle of governmental immunity. Ryszkiewicz v. New Britain, 193 Conn. 589, 593, 479 A.2d 793
(1984). . . .'" Kolaniak v. Board of Education, 28 Conn. App. 277,280 (1992), quoting Heigl v. Board of Education, 218 Conn. 1,4-5 (1991) "`"A municipality is immune from liability for the performance of governmental acts as distinguished from ministerial acts. . . ."'" Redfearn v. Ennis, 28 Conn. App. 398,400 (1992).
"`[A] municipal employee [however.] has a qualified immunity in the performance of a governmental duty, but he may be liable if he misperforms a ministerial act, as opposed to a discretionary act.'" Evon v. Andrews, 211 Conn. 501, 505 (1989), quoting Fraser v. Henninger, 173 Conn. 52, 60 (1977).
 The immunity from liability for the performance of discretionary acts by a municipal employee is subject to three exceptions under which liability may attach even though the act was discretionary; first, where the circumstances make it apparent to the public office that his or her failure to act would be likely to subject an identifiable person to imminent harm; . . . second, where a statute specifically provides for a cause of action against a municipality or municipal officer for failure to enforce certain laws; . . . and third, where the alleged acts involve malice, wantonness or intent to injure, rather than negligence.
(Citations omitted.) Id.
"`Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature. . . . On the other hand, ministerial acts are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action.'" Burns v. Board of Education, 30 Conn. App. 594, 599 (1993), quoting Gordon v. CT Page 10364 Bridgeport Housing Authority, 208 Conn. 161, 167-68 (1988). In general, "`[whether the acts complained of . . . [are] governmental or ministerial is a factual question which depends upon the nature of the act complained of.'" Viens v. Graner, 9 CTLR 306, 308 (June 28, 1993, Teller, J.), quoting Gauvin v. New Haven, 187 Conn. 180, 186 (1982). However, a determination of whether certain duties are ministerial or discretionary can be made as a matter of law in certain situations. See Gordon, supra, 179-180; Heigl v. Board of Education, supra, 7.
"If the act is mandated by rule of law or by statute, it is likely to be ministerial." Condito v. City of Stamford,4 Conn. L. Rptr. 75, 77 (May 14, 1991), Karazin, J.). However, simply because a statutory violation may be found does not necessarily mean that the defendants were performing a ministerial duty. Stevens v. DeLieto, Superior Court, Judicial District of New London at New London, Docket No. 51 53 53, p. 15 (January 24, 1992, Hendel, J.); see also Evon v. Andrews, supra, 506-07. In the instant matter, no party has submitted authority, and research has revealed none, which has decided whether the failure to erect and/or maintain railings on bridges involves discretionary or ministerial acts. A genuine issue of material fact exists as to the nature of the acts alleged by the plaintiffs. Accordingly, the moving defendants' motion for summary judgment as to counts seventeen, twenty-two and twenty-four on the grounds of governmental immunity is denied.
Finally, since the court finds that the nineteenth count alleging wilful and wanton conduct is barred by the defective highway statute, the court need not address the moving defendants' last argument which attacks the legal sufficiency of the plaintiffs' wilful, and wanton allegations.
Robert A. Martin, Judge CT Page 10365