[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE SET ASIDE DIRECTED VERDICT
After a full trial on the merits the jury answered six interrogatories which the court accepted. The jury also rendered a general verdict for the plaintiff which the court did not accept. The court then ordered the jury to return a defendant's verdict, which it did. The court ordered that defendant's verdict accepted and recorded.
FACTS
The court makes the following finding:
The action is one in nuisance against the City of Bristol (City). The plaintiff submitted a nine page trial memorandum on that subject on the day trial began. The parties submitted requests to charge both before and after the conclusion of the presentations of evidence. On July 28, 1993 the defendant submitted a set of nine proposed interrogatories to the jury. The court, with counsel, reviewed those and created six interrogatories to the jury to which there was no objection. Those six read as follows, as answered by the jury:
1. Did the defendant create a condition that CT Page 10797 had a natural tendency to create damage and inflict injury on persons or property? Yes X No _____
 2. If such a condition was created was it a continuous one? Yes X No _____
 3. Was the defendant's use of its land unreasonable? Yes _____ No X
 4. Was the existence of the condition created the proximate cause of plaintiff's injuries? Yes X No _____
 5. Was the plaintiff in the exercise of a public right when she was injured? Yes X No _____
 6. Were the pruning cuts a positive act of the City or its employees? Yes X No _____
At the same time the jury submitted a "Plaintiff's Verdict" which but for the answer to interrogatory number 3 would have been accepted and ordered recorded by the court.
In the plaintiff's trial memorandum of July 20, 1993 he sets out the "four elements" necessary to constitute a public nuisance stating as follows:
 A condition constitutes a nuisance if four elements are proven: (1) the condition complained of had a natural tendency to create danger and inflict injury upon person or property; (2) the danger created was a continuous one; (3) the use of the land was either unreasonable or unlawful (or both); (4) the existence of the nuisance was the proximate cause of the plaintiff's injuries.
The court, relying on Kostyal v. Cass, 163 Conn. 92,99 found that five elements are necessary and created the CT Page 10798 interrogatories to have the jury determine whether or not each of those elements existed in the instant action. The fifth element is that the public has a right to use land under or adjacent to the claimed nuisance. In addition, the court created the sixth question to the jury.
The court charged in regard to each of the six questions. The court's notes reveal no exceptions relevant to the charge except that plaintiff had objected continuously to the court's exclusion of his claim of unlawful use of the land because of violation of an ordinance. If allowed, that issue would have been part of interrogatory number 3 which was answered "no" by the jury.
Law
As was evident once the interrogatories and the plaintiff's verdict were rendered by the jury, the court had four possible options. First, the court might have accepted and ordered recorded the interrogatories and the plaintiff's verdict. Second, the court could have sent the jury back with some kind of instruction in regard to the choice between keeping the answer to interrogatory number 3 and delivering a defendant's verdict or changing the answer to interrogatory number 3 and keeping the plaintiff's verdict. Third, the court could have declared a mistrial. Fourth, of course, is what the court did, i.e. direct a verdict for the defendant. The court made its choice because the jury had found as a fact that "the defendant's use of its land" was not unreasonable.
Now we have a different situation. The plaintiff moves to set the directed verdict aside.
 A directed verdict is justified if on the evidence the jury could not reasonably and legally reach any other conclusion than that embodied in the verdict as directed . . . (citations omitted). Boehm v. Kish, 201 Conn. 385, 389.
In our case the jury found from the evidence that that defendant's use of its land was not unreasonable. Therefore the directed verdict was justified.
To justify the entry of a judgment contrary to a CT Page 10799 general verdict upon the basis of answers to interrogatories, those answers must be such in themselves as conclusively to show (sic) that as a matter of law judgment could only be rendered for the party against whom the verdict was found. . . Belchak v. New York, N.H. H.R. Co., 119 Conn. 630, 634, Murteza v. State 7 Conn. App. 196, 201-202.
In Sullivan v. Norwalk, 28 Conn. App. 449 we have in a negligence case a similar problem of a general verdict for plaintiff and two answers to interrogatories that were "inconsistent with the verdict." id. 451. However, the answers to the interrogatories in that case also contradicted each other. Because "of this fundamental inconsistency" the appellate court found that "the jury never conclusively determined" plaintiff's possible contribution to the cause of the accident. As a result of that lack of a conclusive finding the Appellate Court ruled that the interrogatories did not conflict with the verdict. That is not our situation.
Our practice book provides that, "The court will not accept a verdict until the interrogatories which are essential to the verdict have been accepted," P.B. 312. The court accepted such interrogatories in this action. At least each of the first five interrogatories was essential to the verdict. Number 3 found a fact which prohibited acceptance of a plaintiff's verdict. This fact was not one "contradictory to another finding of the same issue by the trier." cf Magnan v. Anaconda Industries, Inc., 193 Conn. 558,577.
This court was not compelled to automatically direct a verdict for the defendant after receipt of the interrogatories and the plaintiff's verdict. Gesualdi v. Connecticut Co., 131 Conn. 622, 630. In addition, if the court were of the opinion that it would not be just to the plaintiff to direct a defendant's verdict, it could have, in its discretion, ordered a new trial. id 631-632.
We do not have a situation in which "at no time has this [issue] been decided or even mentioned by any trial judge," Appliances, Inc. v. Yost, 186 Conn. 673, 682 or a trier. This issue was charged to the jury. The jury was CT Page 10800 given an interrogatory on the issue, and it twice unanimously agreed that such was its answer.
In the light of that, this court would not then or now order a new trial in an exercise of its discretion.
Motion is denied.
N. O'Neill, J.