[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#101)
The plaintiff, Jo-Ann Bannister, administratrix of the estate of Noel D. Fuller, plaintiff's decedent, commenced this action against the defendants, Town of New Hartford and Vincent Baron, on June 16, 1995. The complaint sets forth five separate counts, the first three directed against the Town of New Hartford and the fourth and fifth counts directed against the defendant Vincent Baron, who in addition to the defendant town, is alleged to have owned, controlled and/or maintained the premises which is the subject of this suit.
The first count of the complaint sounds in negligence alleging that Mr. Fuller sustained injuries ultimately leading to his death, when he fell approximately thirteen feet from the west side of a ground level surface that allegedly ended abruptly with a vertical CT Page 304 drop. (Plaintiff's complaint, count one ¶ 4.) Said ground level surface is alleged to be adjacent to a roadway on the premises located at 15 Bridge Street, New Hartford, Connecticut. (Plaintiff's complaint, count one ¶ 3.) The first count of the complaint further alleges that the Town of New Hartford, its employees, officer and/or agents owned, controlled and/or maintained said property and were negligent in, inter alia, failing to erect a fence or barrier, failing to indicate or mark the distinction in the surface between the road and the ground level surface, permitting vegetation to cover the ground level surface, failing to provide adequate lighting, and failing to provide adequate warnings. In addition, the first count alleges that the Town of New Hartford is legally responsible for the fatal injuries and losses of the plaintiff's decedent pursuant to General Statutes § 52-577n.
The second count of the complaint alleges nuisance on the part of the town claiming that it intentionally constructed the dangerous ground level surface at 15 Bridge Street, the natural tendency of which was to create danger and inflict injury upon persons lawfully using the premises.
The third count seeks indemnification from the Town of New Hartford, for the acts of its employees as set forth in the first count, pursuant to General Statutes § 7-465.
The defendant, Town of New Hartford, filed a motion to strike the first three counts of the complaint on the grounds that the first and second count are barred because the exclusive remedy for the allegations contained in these counts is the defective highway statute, General Statutes § 13a-149. As to the third count, the defendant town argues that it should be stricken because it is derivative of the first and second counts, and because tort liability can be imposed on a municipality for highway defect claims pursuant to General Statutes § 7-465.[1] The defendant filed a supporting memorandum of law as well as a reply to the plaintiff's objection and a supplemental memorandum of law was filed subsequent to oral argument before the court. The plaintiff timely filed a memorandum of law in opposition to the motion to strike and a reply to the defendant's reply, arguing in both that the plaintiff's complaint does not allege that the site of the accident was a public street, road, highway or bridge, nor does it allege that the plaintiff's decedent was a traveler or on the highway at the time of the injury. Thus, the plaintiff argues, the facts alleged do not bring the case within the ambit of General CT Page 305 Statutes § 13a-149.
"A motion to strike challenges the legal sufficiency of a pleading. In reviewing the granting of a motion to strike, we take the facts alleged in the complaint and construe them in a manner most favorable to the pleader. . . . This includes the facts necessarily implied and fairly provable under the allegations. . . . It does not include, however, the legal conclusions or opinions stated in the complaint." (Citations omitted, internal quotation marks omitted.) Forbes v. Ballaro, 31 Conn. App. 235, 238-39624 A.2d 389 (1993).
"In considering the ruling upon the motion to strike, we are limited to the facts alleged in the complaint." King v. Board ofEducation, 195 Conn. 90, 93, 486 A.2d 1111 (1985). "The allegations of the pleading involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." Mingachos v. CBS, Inc., 196 Conn. 91,108-09, 491 A.2d 368 (1985). The trial court, in deciding a motion to strike, must construe the "plaintiff's complaint in [a] manner most favorable to sustaining its legal sufficiency." Bouchard v.People's Bank, 219 Conn. 465, 471, 594 A.2d 1 (1991).
"Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair." General Statutes § 13a-149. "Whether a highway is defective may involve issues of fact, but whether the facts alleged would, if true, amount to a highway defect according to the statute is a question of law which may be determined on a motion to strike." Sanzone v. Board of Police Commissioners,219 Conn. 179, 201, 592 A.2d 912 (1991).
"[A] highway, defect is `[a]ny, object in, upon, or near the traveled path, which would necessarily obstruct or hinder one in the use of the road for the purpose of traveling thereon, or which, from its nature and position, would be likely to produce that result. . . .'" Sanzone v. Board of Police Commissioners, supra,219 Conn. 202, quoting Hewison v. New Haven, 34 Conn. 136, 142,91 A. 718 (1867). "`[I]f there is a defective condition that is not in the roadway, it must be so direct a menace to travel over the way and so susceptible to protection and remedial measures which could be reasonably applied within the way that the failure to employ such measures would be regarded as a lack of reasonable CT Page 306 repair.'" Sanzone v. Board of Police Commissioners, supra,219 Conn. 202, quoting Comba v. Ridgefield, 177 Conn. 268, 271,413 A.2d 859 (1979).
"The focus, . . . is whether the alleged defect or dangerous conditions is one which directly relates to the safety of one using the highway for travel purposes." Pimentel v. National RailroadPassenger Corp., Superior Court, judicial district of New Haven at New Haven, Docket No. 288612 (April 16, 1993, Thompson, J.,8 CSCR 568). The facts alleged in the first and second counts do not indicate that the plaintiff's decedent was using a highway for travel purposes. In fact, the plaintiff's complaint does not allege that the site of the accident was a public street, road, highway or bridge, nor does it allege that the plaintiff's decedent was a traveler or on the highway at the time of the injury.
General Statutes 52-557n provides that General Statute 13a-149, is a plaintiff's exclusive remedy for damages resulting from injury to person or property by means of a defective road. General Statutes 52-557n(a)(1)(C). Thus, where 13a-149 applies, any claims against a municipality for negligence, nuisance or indemnification pursuant to General Statutes 7-465 is barred by General Statutes § 52-557n. See Sanzone v. Board of Police Commissioners, 219 Conn. 179
(1991). The question in this case is whether the allegation of the complaint constitute a highway defect. Based upon the allegations, read in a light most favorable to the plaintiff, the court finds that it can not, as a matter of law, based upon only the complaint, conclude that the facts alleged constitute a highway defect claim. In fact, the only reference to a roadway in the complaint appears to be there for the sake of clarifying or pinpointing the location of the fall. The fact that the complaint merely states the area of the fall was "adjacent to the roadway" does not in and of itself rise to the level of a claim for a defective roadway which must be brought pursuant to General Statutes § 13a-149. Therefore, the facts alleged would not amount to a highway defect.
In summary, the defendant's motion to strike the first and second count is denied because the plaintiff's allegations, read in a light most favorable to the pleader, do not bring the cause of action within the defective highway statute. Likewise, the motion to strike the third count, as derivative of the first count, is denied.
PICKETT, J. CT Page 307