[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
This is an action seeking damages from the city of Hartford and an abutting landowner for damages sustained by plaintiff as a result of a slip and fall on a public sidewalk when her foot became entangled in plastic strapping and other debris.
The first count against the city sounds in negligence and the second count alleges nuisance.
On September 25, 1995 the city moved to dismiss claiming lack of jurisdiction because the notice to the city was insufficient under General Statutes § 13a-149 because it failed to describe the injury or the nature of the defect. Plaintiff argues that this action is not brought pursuant to § 13a-149
but under the general provisions of General Statutes § 52-557, under which no notice is required. Since the notice is clearly insufficient, the sole issue is whether § 13a-149 is the exclusive remedy available to the plaintiff.
Plaintiff argues that the improper maintenance of debris does not constitute a "defective road" within the meaning of the statute and that the action is maintainable under General Statutes § 52-557.
In Sullivan v. Norwalk, 28 Conn. App. 449 (1992) our Appellate Court dealt with a motorcycle accident allegedly caused by an accumulation of sand on a road, holding essentially that the accumulation of sand may be a "defect" within the meaning of the statute but it was for the jury to determine whether the facts pertaining to the presence of the sand constituted a defect.
Since the alleged accumulation of debris, including the nature of debris and duration of accumulation is not CT Page 552 necessarily a defect within the meaning of the General Statutes § 13a-149 until found to be so by the trier of fact, the inadequacy of the notice does not preclude this action under the broad provisions of General Statutes § 52-557.
Motion to Dismiss denied.
Wagner, J.