[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#101)
This is an action by the plaintiff, Bryan Marcoux, who seeks to recover damages against the City of Waterbury for injuries incurred in an incident which took place at the Waterbury Landfill. In the three count amended complaint, filed with the court on April 8, 1996, Marcoux alleges that he injured himself on November 19, 1994, while unloading garbage into the dumpster at the landfill. Marcoux claims that while approaching the dumpster to unload items into it, he fell off of the ramp, into the dumpster, and sustained injuries as a result. In the first count, Marcoux alleges that his injuries were due to the City's maintenance of a nuisance. Specifically, the plaintiff alleges 1) that the ramp to the dumpster was not in safe condition; 2) that the City failed to warn Marcoux of the unsafe condition; and 3) that the disposal area did not have a barrier or railing between the ramp to the dumpster and the dumpster itself, which was located ten feet below the ramp.
In the second count, Marcoux alleges that Waterbury was negligent in failing to maintain safe access to the dumpster, failing to conduct a reasonable inspection of the landfill, and failing to warn users of the dangerous conditions around the landfill. In the third count, Marcoux alleges that the City violated General Statutes § 13a-149[1] and 13a-150, by failing to repair and keep the streets and sidewalks safe within the landfill.
On March 26, 1996, the City filed the motion to strike. In support of its motion, Waterbury argues that Marcoux has not alleged a sufficient cause of action for nuisance, because he has not alleged a positive act by the City. However, the plaintiff, in the amended complaint, has made additional allegations addressing and satisfying this claim of the defendant. In CT Page 4406 addition, the City argues that Connecticut General Statutes §52-557n precludes the bringing of other claims contemporaneously with a defective highway claim under General Statutes § 13a-149. Waterbury argues that because the third count is a claim under Section § 13a-149, the first and second counts cannot be sustained. As authority for this argument, Waterbury cites a number of cases, including Sanzone v. Board of PoliceCommissioners, 219 Conn. 179 (1991) and Cook v. Turner, 219 Conn. 641
(1991). The City argues that these cases prohibit a plaintiff from bringing a nuisance or negligence claim, in addition to a claim under the defective highway statute.
It is true that 13a-149 is the exclusive remedy for a claimed highway defect under 52-577n. The question here is whether alternative theories of liability may be advanced with respect to a highway case, and the other with respect to a non-highway case. The plaintiff argues that if the City concedes that the location of the claimed defect was a "highway", then he will only proceed on the third count. If the City denies the location was "highway", then he will proceed under counts one and two. The plaintiff properly argues that while the claims in Sanzone andCook were clearly claims of highway defects under the highway
defect statute, the claim of a defect in this case may or may not fall under the highway defect statute, since there is a question as to whether the locus was a "highway".
A motion to strike tests the legal sufficiency of a pleading.Whalen v. Ives, 37 Conn. App. 7, 654 A.2d 798 (1995). When considering a motion to strike, the court must "construe the facts alleged in the complaint in a light most favorable to the pleader. If facts provable under the allegations would support a defense or a cause of action, the motion to strike must be denied." RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381,650 A.2d 153 (1994). The court may not look outside the pleadings for facts not alleged. Malizia v. Anderson, 42 Conn. Sup. 114, 116
(1992).
The motion to strike admits all legal facts but not conclusions of law. Verdon v. Transamerica Ins. Co., 187 Conn. 363,365, 446 A.2d 3 (1982). "Conclusions of law, absent sufficient alleged facts to support them, are subject to a motion to strike." Fortini v. New England Log Homes, Inc., 4 Conn. App. 132,135, 492 A.2d 545 (1985), cert. dismissed, 197 Conn. 801
(1985). CT Page 4407
"Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair." General Statutes § 13a-149. A highway defect is any "object in, upon, or near the traveled path, which would necessarily obstruct or hinder one in the use of the road for the purpose of traveling thereon. . . ." Sullivan v.Norwalk, 28 Conn. App. 449, 453, 612 A.2d 114 (1992). "Whether a highway is defective may involve issues of fact, but whether the facts alleged would, if true, amount to a highway defect according to the statute is a question of law which may be determined on a motion to strike." Sanzone v. Board of PoliceCommissioners, 219 Conn. 179, 201, 592 A.2d 912 (1991). The court is satisfied by resolving all questions and inferences of fact in favor of the plaintiff, as it must do, that the allegations of the third count are legally sufficient to withstand this motion to strike.
The court also accepts the plaintiff's argument that he can advance alternative theories of liability. "Under our pleading practice, a plaintiff is permitted to advance alternate and even inconsistent theories of liability against one or more defendants in a single complaint. (Citations omitted.) Drier v. Upjohn Co.,196 Conn. 242 (1985). Practice Book § 137 provides that "the plaintiff may claim alternative relief, based upon an alternative construction of his cause of action." The plaintiff must prove that the locus was a road under C.G.S. § 13a-147. The parties may also stipulate that the locus was a road within the meaning of 13a-149. It is well settled that § 13a-147 provides an exclusive remedy, and the plaintiff may not prevail on all three counts. The allegations of count one and two are legally sufficient to sustain plaintiff's claim in common negligence and nuisance. For all of the reasons stated above, the court will deny the defendant's motion to strike.